## ALEX. SANDS v. THE STATE.

*No. 3764.    Decided December 22.*

1. **Recognizance—Receiving and Concealing Stolen Property.**—Where a recognizance recited that appellant stands charged "with the offense of receiving and concealing stolen property of the value of $10, knowing the same to have been stolen, and who has been convicted of said offense," etc., *held*, that such recognizance is not defective because the word "stolen" is therein used instead of the statutory words, "acquired in such manner as that the acquisition comes within the meaning of the term 'theft,'" which words are used in article 743 of the Penal Code, defining the

offense of receiving and concealing stolen property. Article 739 of the Penal Code provides, that "the words steal or stolen, when used in this code with reference to the acquisition of property, include property acquired by theft." While, however, such a recital is good in a recognizance, it would not be sufficient in an indictment for receiving and concealing stolen property.

2. **Allegata and Probata—Variance.**—Where on a trial for receiving and concealing stolen property it was shown that the property stolen was a live hog, which was afterward killed and cut up, and that defendant received and concealed the pork into which it had been converted, *held*, no variance between the allegation and proof.

3. **Confessions Made Under Arrest Admissible, when.** — Confessions made under arrest, even though the accused be not warned as to the consequences, are admissible as evidence under provision of article 570 of the Code of Criminal Procedure, where "in connection with such confessions he makes statements of facts and circumstances that are found to be true which conduce to establish his guilt, such as the finding of secreted or stolen property."

4. **Theft—Value—Proof of, when Necessary.**—Property must have some specific value to be the subject of theft; and whenever the value of the property characterizes the crime and its degree of punishment, the value must not only be alleged but proved.

APPEAL from the County Court of Harrison. Tried below before Hon. A. H. Cooper, County Judge.

Appellant was prosecuted and convicted under an information charging him with fraudulently receiving and concealing one hundred pounds of pork, cut up into small pieces, of the value of $10, his punishment being assessed at a fine of $25 and imprisonment of five days in the county jail. The evidence shows that the hog was stolen by Tom Smith and George Brewster; and the hog and parties who stole him were tracked to one Bill Brewster's, where the hair, entrails, and a portion of the meat were found. Circumstances that transpired there led to the arrest of Alexander Sands, this appellant, who carried the parties about a mile from Bill Brewster's house and pointed to the place where he said the meat was. Parties went to the place pointed out by the appellant, and found the meat in a gulley, covered with a sack, there being about one hundred pounds of the meat.

*Pope, Wilson & Lane,* for appellant.

*R. H. Harrison,* Assistant Attorney-General, for the State.

### ON MOTION FOR A REHEARING.

HURT, JUDGE.—At a former day of this term the appeal was dismissed. A rehearing is now asked, and after a careful consideration of the question involved, we are of the opinion that the motion ought to be granted.

The recognizance recites that appellant stands charged in the County Court "with the offense of receiving and concealing stolen property of

the value of $10, knowing the same to have been stolen, and who has been convicted of said offense," etc. The offense here attempted to be described is that denounced in article 743 of our Penal Code, which reads as follows: "If any person shall receive or conceal property which has been acquired by another in such manner as that the acquisition comes within the meaning of the term 'theft,' knowing the same to have been so acquired, he shall be punished," etc.

The defect supposed to exist in the recognizance is, that the word "stolen" is used instead of the statutory words "acquired　＊　＊　＊ in such manner as that the acquisition comes within the meaning of the term 'theft.'" This objection is met by the provision of article 739 of the Penal Code, and which article is embraced in the same chapter of the code that contains article 743, which relates to the subject of "theft in general."

By article 739 it is provided, that "the word 'steal' or 'stolen,' when used in this code in reference to the acquisition of property, includes property acquired by theft." Thus we have a fixed, definite meaning to the word "stolen;" and giving to it this meaning, we are of opinion that the offense is sufficiently set forth and described in the recognizance. We do not wish to be understood as holding the recitation of the offense in said recognizance would be a sufficient averment of the offense in an indictment charging the offense of acquiring and concealing stolen property.

*Motion for rehearing granted.*

Judges all present and concurring.

### ON THE MERITS.

DAVIDSON, JUDGE. — Appellant was indicted for receiving and concealing stolen property, knowing the same to have been stolen. The property alleged to have been received and concealed consisted of about one hundred pounds of pork, cut up in small pieces, of the value of $10.

Appellant claims that there was a fatal variance between the allegations in the indictment and the proof, in that the property stolen was not pork, but a live hog, which was afterward killed by parties stealing it. We think this objection is not well taken. Appellant is not shown to have had anything to do with the taking of the live hog, but that after the hog was stolen and had been cut up he did receive it as alleged in the indictment, and helped to conceal the pork into which the hog had been converted by the parties who had stolen the hog. This, we think, constitutes no variance between the evidence and the allegations, in so far as the defendant is concerned.

It was objected that the confessions of defendant were not admissible, he being under arrest at the time and not having been warned that his statements would be used against him. This objection is answered by the fact that defendant, notwithstanding he was under arrest, made a statement of facts and circumstances with regard to the pork which was found to be true, which conduced to support his guilt, and which statement made by him led to the finding of the secreted or stolen property by the owner. Confessions under such circumstances are by our statute (Code Crim. Proc., art. 750) expressly excepted from the general rule that confessions made under arrest and where the party was not cautioned are not admissible evidence.

But in our opinion there is a fatal objection to the conviction, for which the judgment must necessarily be reversed. There is no evidence in the record showing what was the value of the alleged stolen, received, and concealed property, nor does it appear that any effort was made to prove the value of this property. "Property to be the subject of theft must have some specific value." Willson's Crim. Stats., secs. 1257, 1265. "It is necessary to allege the value of the property; and where it is necessary to allege it, it is necessary to prove it." Id., sec. 1285.

Because the proof fails to show any value of the alleged stolen property, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.