CHAS. HOWELL v. THE STATE.

No. 3023.   Decided November 16, 1904.

**Theft of Property of the Value of Fifty Dollars or Over—Statement of Facts.**

Where the indictment alleged the value of the stolen property at seventy-five dollars and the evidence was uncertain as to whether the same was worth fifty dollars or more, a judgment of conviction for theft of property of fifty dollars or over will be reversed, even if this uncertainty arises through an inadvertence in the statement of facts.

Appeal from the District Court of Wise. Tried below before Hon. J. W. Patterson.

Appeal from a conviction of theft of fifty dollars or over; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. T. Buckalov* and *T. J. McMurray,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of the theft of property over the value of fifty dollars, the penalty affixed being two years confinement in the penitentiary. The charging part of the indictment is, as follows: "Did then and there unlawfully and fraudulently take twenty-five rings of the value of $75 and four watch charms of the value of $4.50." The only question we deem necessary to review is the sufficiency of the evidence to show the value of the property taken to

be over the value of fifty dollars. J. C. Frost, one of the owners of the jewelry, testified as follows: "There were about thirty rings; eight or ten watch charms, and I guess about five lockets. The value of this jewelry would be about $75 or $80." It will be seen from the statement of the prosecuting witness, part owner of the property alleged to have been stolen, in giving the value of the jewelry alleged to have been stolen, he included five rings, four watch-charms and five lockets not charged in the indictment; and that all of these aggregated the sum of $75 or $80. This would not show that the property alleged in the indictment was of the value of $50. The jewelry stolen was subsequently sold in the city of Forth Worth. The testimony of the purchaser was that the same was worth $40 or $45. However, this did not include one ring, which appellant sold for $1.50. The purchaser of this ring testified the same was worth $3. Adding these values together it would show that the property actually traced to the possession of appellant was worth either $46.50 or $48,—the maximum amount that could be insisted upon by the State. However, we note the statement of facts shows that the purchaser of the jewelry, after testifying the jewelry was worth the amount stated above, showed that he gave about $18 for the same, and further testified that he purchased it at about one-fifth of its value. If this latter statement be true, the jewelry sold by appellant would be worth about $90. The statement of facts being in this uncertain condition we cannot permit the verdict to stand. It must be shown that the property stolen was worth $50 or more before appellant can be incarcerated in the State penitentiary. It may be that this statement of facts is in this condition through inadvertence, but with this we have nothing to do. The evidence being insufficient to sustain the verdict of the jury, the judgment is reversed and the cause remanded.

*Reversed and remanded.*