## BILL PRICE V. STATE

No. 28,778. November 20, 1957.

*Murray J. Howze*, Monahans, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

ON MOTION TO REINSTATE APPEAL

WOODLEY, Judge.

Appeal from this conviction was dismissed on a prior day. Price v. State, 164 Texas Cr. Rep. 312, 299 S.W. 2d 141.

It is now shown that the records of the trial court have been corrected by nunc pro tunc orders which show that proper notice of appeal was timely given, and a bond on appeal has been entered into. The appeal will therefore be reinstated.

The indictment charged the theft of a 1953 Cadillac automobile "of the value of $50."

Appellant pleaded guilty to this charge, waived a jury, and testified as a witness at the trial. The injured party also testified.

Art. 12 V.A.C.C.P. provides in part that where a jury is waived in a felony case, "in no event shall a person charged be convicted upon his plea of guilty without sufficient evidence to support the same."

We have carefully examined the statement of facts in search of evidence to sustain the allegation of the indictment that the property alleged to have been stolen was of the value of $50. We find none.

The absence of any evidence as to the value of the 1953 Cadillac may or may not account for the fact that both the judgment and sentence refer to the offense as "theft by pretext" with no recitation as to value and none to show that the offense was a felony save the punishment. Be this as it may, there was no effort made to prove the value of the automobile and the trial court made no finding that it was of the value of $50 or more.

The legislature has not seen fit to make the theft of an automobile a felony without regard to its value, and a prosecution for theft of an automobile must therefore be brought under the general theft statutes.

Under the general theft statutes, the grade of the offense and the punishment applicable depend upon the value of the property stolen and same must be alleged and proved. Meyer v. State, 4 Texas App. 121; Sands v. State, 30 Texas App. 578, 18 S.W. 86; Wills v. State, 40 Texas 69; Steel v. State, 153 Texas Cr. Rep. 88, 217 S.W. 2d 857; 41A Texas Jur., page 164, Sec. 176.

Proof that the automobile was of the value of $50 or more was essential to a conviction for felony theft, without which the evidence is insufficient to meet the requirements of Art. 12 V.A.C.C.P. or to sustain the conviction.

The judgment is reversed and the cause is remanded.