While evidence of other thefts committed by an accused may, under certain circumstances be admissible for the purpose of proving intent, identity, system or in developing the res gestae, such evidence is not admissible unless the other thefts were contemporaneous with the theft for which the accused is on trial. 41-A Tex. Jur., par. 228, pp. 219–222; Williams v. State, 24 Tex.App. 412, 6 S.W. 318; Beach v. State, Tex.Cr.App., 11 S.W. 832; Musgrave v. State, 28 Tex.App. 57, 11 S.W. 927; Welhausen v. State, 30 Tex.App. 623, 18 S.W. 300; James v. State, 40 Tex.Cr. R. 190, 49 S.W. 401; McKnight v. State, 70 Tex.Cr.R. 470, 156 S.W. 1188 and Kolb v. State, 88 Tex.Cr.R. 593, 228 S.W. 210.

The testimony complained of clearly related to other thefts of chickens which were not contemporaneous with the theft charged against appellant and therefore should not have been admitted. Furthermore, there was no proof connecting appellant with the other thefts and for this reason the evidence should not have been admitted. Wells v. State, 118 Tex.Cr.R. 355, 42 S.W.2d 607; Hughitt v. State, 123 Tex.Cr.R. 168, 58 S.W.2d 509 and Car-

mean v. State, Tex.Cr.App., 290 S.W.2d 240.

The testimony was of a nature reasonably calculated to injure the appellant and under the record necessitates a reversal of the conviction.

For the reason stated the judgment of the trial court is reversed and the cause remanded.

Opinion approved by the court.

Jesus PERALES, Appellant,

v.

The STATE of Texas, Appellee.

No. 29589.

Court of Criminal Appeals of Texas.

Feb. 26, 1958.

Theo. Pat Henley, San Antonio, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

DAVIDSON, Judge.

 This is a conviction for the theft of an automobile alleged to be of the value of $200. The punishment was assessed at life imprisonment in the penitentiary by reason of two prior felony convictions.

Appellant challenges the sufficiency of the evidence to support the conviction for the primary offense charged, which is the theft of an automobile, because there was no evidence showing that the stolen automobile was valued in excess of $50.

 It is a felony in this state to steal an automobile only when the value is $50 or over. It becomes imperative, then, that the value of the automobile alleged to have been stolen must be proven. Price v. State, Tex.Cr.App., 308 S.W.2d 47.

Because the evidence is insufficient to support the conviction, the judgment is reversed and the cause is remanded.