MACIO SMITH V. STATE.

No. 30,068. November 5, 1958.

No attorney for appellant of record on appeal.

*Howard M. Fender,* Criminal District Attorney, *Conard Florence* and *Albert F. Fick, Jr.,* Assistants Criminal Attorney, Fort Worth, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is robbery; the punishment, 75 years.

Fielder, a night service station attendant in the city of Fort Worth, was beaten over the head to such an extent that he lost consciousness for several days and suffered injury to his brain which resulted in the loss of the senses of taste and smell, and temporary loss of memory. Fielder remembered that, before he was hit, the appellant, an off-duty attendant, had been in the station; and it was discovered after Fielder was found that the money from the cash register had been taken.

Appellant's confession is but one more version of the often repeated story of the female friend constantly in need of money who insists that the same be forthcoming regardless of its source. She waited in the automobile for him while he entered the filling station and struck his fellow employee over the back of the head with a tire tool, rifled the register, and then the two of them repaired to a tourist court.

After his arrest, the appellant, in company with veteran police officer A. C. Howerton, returned to the filling station where the tire tool which he had used to strike Fielder was identified by the appellant and taken into custody by the police.

The appellant did not testify or offer any evidence in his own behalf.

We shall discuss the complaints in the order set forth in appellant's brief. He first contends that he did not seriously object to the introduction of the appellant's confession because of some tentative ruling by the trial court which the court later failed to follow. We cannot consider the allegations in the motion as facts, and we find no evidence in the record to support such allegations.

He next contends that A. C. Howerton was permitted to en-

large upon the appellant's written confession by his testimony as to their conversation while at the filling station.

Recently, in Smith v. State, 157 Texas Cr. Rep. 637, 253 S.W. 2d 665, we had occasion to discuss the identical contention and held that the exception contained in Article 727, V.A.C.C.P., concerning the finding of "the instrument with which he states the offense was committed" authorized proof of the entire oral confession *including* that part of it which leads to the discovery of the instrument.

In absence of a bill of exception, we are not authorized to consider the jury argument which the appellant alleges in said motion was made.

Finding the evidence sufficient to sustain the conviction and no reversible error appearing, the judgment of the trial court is affirmed.