James Ernest MORRIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 35819.

Court of Criminal Appeals of Texas.

May 29, 1963.

Rehearing Denied June 29, 1963.

Addison Bradford, Jr., Fowler Roberts, Dallas, for appellant.

Henry Wade, Dist. Atty., Frank Watts, John Rogers and Emmett Colvin, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The offense is felony theft; the punishment, 4 years.

Trial was before a jury on a plea of not guilty. The case was submitted to the jury as one of circumstantial evidence.

The sufficiency of the evidence to sustain the conviction is questioned.

The indictment alleged the theft of an automobile of the value of over $50.00 from Patricia LaRoe in Dallas County, on or about June 25, 1962.

Patricia LaRoe testified that on said date she owned a 1957 Pontiac convertible automobile, the 1962 license plates on it being numbered NT–1061; that on the evening of June 25, 1962, the automobile was parked in a garage at the apartment in Dallas where she lived; that later in the evening she went to the garage and her car was not there and she notified the police.

Texas Highway Patrolmen McWhorter and Benson saw the appellant in Electra, Texas, about 10 o'clock A.M. on June 28, 1962, at which time he was driving a 1957 Pontiac convertible, License No. NT–1061. There were no hubcaps on the convertible.

The appellant told the officers that he got the car in Dallas and that he had traded or pawned the hubcaps for gasoline at a service station in Electra. He directed the officers to a service station where hubcaps which he had pawned or traded were re-covered and taken to Wichita Falls by the officers.

Patricia LaRoe further testified that on June 28, 1962, she was informed that her car had been recovered and she went to Vernon, Texas, where she found it stored. She testified that the spare tire, the jack and fender skirts were missing and there were no hubcaps on the car; that she was told to pick up her hubcaps at the Texas Highway Patrol Department in Wichita Falls, which she did.

The owner testified that the automobile was taken without her consent and that she had never seen the appellant before the day of the trial.

As to the value of the 1957 Pontiac convertible, the owner testified:

"Q. And do you know what the approximate fair market value of that car was on that date in Dallas County, Texas?

"A. I was told around $1,000.00.

"Q. About $1,000.00. Is that over the value of $50.00?

"A. Yes, it is."

There was no objection to the introduction of such testimony and the sufficiency of the evidence or the probative value of the testimony relating to value was not questioned in the trial court.

Appellant here contends that there is a complete absence of any competent evidence of the value of the automobile, and that under authority of Price v. State, 165 Tex.Cr.R. 326, 308 S.W.2d 47, and Perales v. State, 165 Tex.Cr.R. 638, 310 S.W.2d 335, the evidence is insufficient to sustain this conviction. The contention of the appellant in this regard is that the testimony of the owner of the car as to value is "the rankest form of hearsay" and is "no evidence".

In Price v. State and Perales v. State, supra, the state made no effort to prove

that the value of the automobile alleged to have been stolen was $50.00 or over, and the evidence was held insufficient to sustain conviction for felony theft.

We have held that evidence which is hearsay may in some instances be used to prove value. Esparza v. State, Tex.Cr. App., 367 S.W.2d 861; Holmes v. State, 126 Tex.Cr.R. 587, 72 S.W.2d 1092; Brown v. State, 71 Tex.Cr.R. 353, 162 S.W. 339; 1 Wharton Criminal Evidence 12th Ed. 620, Sec. 276.

■ We overrule the contention that the testimony above quoted was without probative value because it was "the rankest form of hearsay" and not hearsay such as from a book, price list or catalogue.

If the appellant was not satisfied as to the source of the witness' information as to value he had the opportunity to go into the matter at the trial.

In Pigg v. State, 162 Tex.Cr.R. 521, 287 S.W.2d 673, the owner testified that he "hoped" his automobile had a reasonable value of over $50. He also testified that he paid $3,000.00 for the car less than a month before it was stolen. Overruling the complaint that there was no proof made as to the value of the car, this Court said "Were the question of value more closely contested, we would probably require, and the State would probably have introduced, more evidence on the question, * * *."

In Israel v. State, 158 Tex.Cr.R. 574, 258 S.W.2d 82, the owner of the automobile alleged to have been stolen testified without objection that "to the best of his knowledge the car was valued at $575.00." In answering the complaint that the state failed to prove by legal and competent evidence that the stolen car was of the value of $50 or over, we said:

"If appellant desired to have the value of the car more specifically and precisely proven it was incumbent upon him to offer his objection to the testimony relating to such value and insist upon the qualification of the witness as to market value being established. Not having done so he will not now be heard to say that the testimony as to value of the stolen car is without probative force and must be disregarded as not constituting legal and competent evidence." (Citing cases.)

While we are not ready to say that the court may take judicial knowledge of the value of an automobile, we do say that proof that the automobile taken in June, 1962, was a 1957 Pontiac convertible in condition to drive from Dallas to Vernon and return, required but little supporting evidence to sustain the allegation that it was of the value of over $50.

■ We find the evidence sufficient to sustain the conviction.

■ The remaining claim for reversal is that the court erred in admitting the testimony of the arresting officer as to the appellant's statement made to him while under arrest, that "he got the car in Dallas" and "the car was not his".

The evidence shows that as a part of the same conversation the appellant told the officers where he had traded or pawned the hubcaps, which statement led to their recovery. The testimony appears to have been admissible. Art. 727 V.A.C.C.P.; Graves v. State, 169 Tex.Cr.R. 595, 336 S.W.2d 156; Smith v. State, 166 Tex.Cr.R. 614, 317 S.W.2d 539; Smith v. State, 157 Tex.Cr.R. 637, 253 S.W.2d 665; Alexander v. State, 151 Tex.Cr.R. 235, 207 S.W.2d 881.

The judgment is affirmed.