LILES, Judge.
Appellant was charged in a two count information with selling and possessing marijuana on January 26, 1972, in violation of Chapter 404, Fla.Stat.1971, F.S.A. Appellant was again charged with violation of Florida Drug Abuse Law on February 7, 1972, in information No. 23,796.
The appellant intelligently waived right of counsel and plead guilty to both counts of the January 26, 1972, information and to the offense of February 7, 1972. The trial judge accepted the plea and sentenced the appellant to the State prison for a term of six months to one year with credit for time spent in jail.
*685 The public defender was subsequently appointed to represent the appellant in this appeal in which the two cases were consolidated. The public defender filed an “An-ders” type brief, stating there was nothing which would arguably support an appeal.
As to Count I in the information of January 26, 1972, charging sale of marijuana contrary to Ch. 404, Fla.Stat., F.S. A., the public defender is correct. Chapter 404.01(4) provides:
“The word ‘delivery’ means selling, dispensing, giving away, leaving with, or supplying in any other manner.”
The penalty is set forth in Ch. 404.15(1):
“For a first conviction he shall be guilty of a felony of the third degree, punishable as provided in sections 775.-082, 775.083, and 775.084; . . .”
Therefore, Ch. 404, Fla.Stat., F.S.A., makes the sale of marijuana in any amount punishable as a felony of the third degree.
As to Count II of the January 26, 1972 information, and the information of February 7, 1972, we reverse on the authority of a recent opinion from this court, Pope v. State, 268 So.2d 173, dated September 27, 1972. The accusatory writ in Count II does not allege a felony in that it fails to state that the defendant Carr had more than five grams in his possession or was previously convicted under the drug abuse law. Therefore, the Circuit Court in Pinellas County is without jurisdiction. The information of February 7, 1972, must fail for the same reason.
Affirmed in part, reversed in part and remanded with directions to quash Count II of information 23,770 and information 23,796, with leave either to amend or to refile in the appropriate court.
PIERCE, C. J., and MANN, J., concur.