Dallas Alan **MARTIN**, Jr., Appellant,

v.

The **STATE** of Texas, Appellee.

No. 46598.

Court of Criminal Appeals of Texas.

March 14, 1973.

**422**

James A. Baker, Dallas, for appellant.

Henry Wade, Dist. Atty., John E. Rapier, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for felony theft.

On August 4, 1972, the appellant entered a plea of guilty after waiving trial by jury. Punishment was assessed at three years.

Appellant contends that the evidence is insufficient to support the conviction.

Article 1.15, Vernon's Ann.C.C.P., provides that where a jury is waived in a felony case, "it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant * * * and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same."

The State introduced into evidence appellant's confession taken at the Grand Prairie Police Department on April 30, 1972, without objection. Appellant took the stand and testified that the contents of the statement were "substantially true and correct." No further testimony was offered. Thus, we must look to appellant's confession in determining the sufficiency of the evidence, the pertinent portion of which reads:

"Last night about 11:30 I was with a friend of mine, Carlton Russell. I told him I wanted to (sic) home and he said he would take me. I told him I wanted out on 8th street. We drove down 8th and I got out at the Fox Hollar Apts. I looked in some cars and in this car it didnt (sic) look like you would have to have a key. It was a white 62 Chev convertable (sic). The door wasnt (sic) locked and I got in and tried to start it. It started and I drove off. The police stopped me and arrested me."

The indictment alleged that the automobile was the property of Richard Dudeck, and that it was taken from the possession of Richard Dudeck without his consent.

There is a complete absence of evidence that Richard Dudeck was the owner of the vehicle, and that it was taken from his possession without his consent. Thus, the State has failed to prove an essential element of the offense of theft. Article 1410, Vernon's Ann.P.C. See 5 Branch's Ann. P.C.2d, Sec. 2639.

Further, the conviction is for felony theft, the indictment alleging that the automobile was "of the value of $350, and being of the total value of over $50.00."

An examination of appellant's confession, the only evidence offered in this case, reflects that there is no evidence to sustain the allegation of the indictment that the property alleged to have been stolen was of the value of over Fifty Dollars.

It is fundamental that a felony theft conviction cannot be sustained unless the value of the item alleged in the indictment is proved to be over $50.00. Ballinger v. State, Tex.Cr.App., 481 S.W.2d 421; McKnight v. State, Tex.Cr.App., 387 S.W.2d

662; Price v. State, 165 Tex.Cr.R. 326, 308 S.W.2d 47.

The evidence in the instant case is insufficient to support the conviction.

The judgment is reversed and the cause is remanded.

Opinion approved by the Court.