**Roger MEARS and Joe Willis, Appellants,**

**v.**

**The STATE of Texas, Appellee.**

**No. 49735.**

Court of Criminal Appeals of Texas.

March 26, 1975.

Lindley Gary Beckworth, Jr., Longview, for appellants.

Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

Appellants were convicted of delivery of marihuana; punishment was assessed at three years.

The offense was committed after the effective date of the Controlled Substances Act (Art. 4476–15, Vernon's Ann.Civ.St.), and the prosecution was predicated upon Section 4.05(d)–(f) of that Act, which provides:

"Sec. 4.05 . . .

"(d) Except as otherwise provided by this Act, a person commits an offense if he knowingly or intentionally delivers marihuana.

"(e) Except as provided in Subsection (f) of this section, an offense under Subsection (d) of this section is a felony of the third degree.

"(f) An offense under Subsection (d) is a Class B misdemeanor if the actor delivers one-fourth ounce or less without receiving remuneration."

The indictment, however, failed to allege the quantity of marihuana involved or to allege that the delivery was for remuneration. It therefore is fundamentally defective and requires dismissal of the prosecution.

In the recent case of Standley v. State, 517 S.W.2d 538, 540–541, this Court held:

"It is well established that the value of the property must be alleged if it affects penalty. 5 Branch's Ann.P.C., 2d ed., Sec. 2674, p. 120.

"In 30 Tex.Jur.2d, Indictment and Information, Sec. 38, p. 604, it is written:

" 'An indictment or information should allege every fact which may affect the degree or kind of punishment. A prior conviction must be alleged where a higher penalty is sought by reason of such conviction; *the value of property must be stated where it is made the basis of punishment;* and the injury done to the owner of property must be averred where the amount of injury is an essential element in the punishment.' (Emphasis Supplied)

"In Hawkins v. State, 383 S.W.2d 416 (Tex.Civ.App.1964), this court said in a prosecution under Article 1429, Sec. 1, Vernon's Ann.P.C.:

" 'Without such an allegation the punishment cannot be determined.' See also Price v. State, 165 Tex.Cr.R. 326, 308 S.W.2d 47 (1957), and cases cited.

"It is clear from what has been said that the indictment in the instant case is fundamentally defective for the failure to allege value. The indictment omits a necessary element of the offense attempted to be alleged, does not show whether it was a misdemeanor or felony, and there is no way to determine from the face of the indictment if the District

Court of Lipscomb County had jurisdiction of the offense sought to be alleged. We conclude that the judgment of the conviction based thereupon is void, rather than voidable."

The constitutional requirements for pleading the punishment elements of an offense expressed in that opinion with respect to the *value* of the material involved apply with equal force to the *amount* of the material involved, where the amount is determinative of what the punishment is, whether the offense is a misdemeanor or felony, and where jurisdiction will lie. This is true of offenses under Section 4.-05(e) and (f) of Art. 4476–15, V.A.C.S. Statutory rules cannot abrogate constitutional requirements. See Wilson v. State, 520 S.W.2d 377 (Tex.Civ.App.1975).

The indictment is fundamentally defective for failure to allege *amount*, and the judgment therefore is reversed and the prosecution ordered dismissed.