Richard Leon WILSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 49402.

Court of Criminal Appeals of Texas.

March 26, 1975.

Jack W. Frieze, Irving, for appellant.

Henry Wade, Dist. Atty., Maridell Templeton, and Hugh Lucas, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal is from a conviction of delivery of marihuana. Punishment was assessed by the jury at ten (10) years in the Texas Department of Corrections.

The sufficiency of the evidence is not challenged.

At the outset appellant complains that the trial court erred in denying his motion to quash the indictment which, omitting the formal parts, alleged that he "did then and there knowingly and intentionally deliver to W. D. West a controlled substance, namely: Marihuana. . . ."

Among other things, the said motion to quash alleged the indictment did not allege an offense against the laws of the State of Texas, did not show that the court had jurisdiction over the person or subject matter, and did not place him on notice whether he was charged with a felony under Section 4.05(e), Texas Controlled Substances Act (Article 4476–15, Vernon's Ann.Civ.St.), or a Class B misdemeanor under Section 4.05(f) of the same Act.

Said Section 4.05 of the Texas Controlled Substances Act provides for offenses involving both the possession and delivery of marihuana.

That part of Section 4.05 pertaining to the offenses relating to the delivery of marihuana are subsections (d), (e) and (f). They read as follows:

"(d) Except as otherwise provided by this Act, a person commits an offense if he knowingly or intentionally delivers marihuana.

"(e) Except as provided in Subsection (f) of this section, an offense under Subsection (d) of[1] this section is a felony of the third degree.

"(f) An offense under Subsection (d) is a Class B misdemeanor[2] if the

---

1. V.T.C.A., Penal Code Section 12.34, provides:
  "(a) An individual adjudged guilty of a felony of the third degree shall be punished by confinement in the Texas Department of Corrections for any term of not more than 10 years or less than 2 years.
  "(b) In addition to imprisonment, an individual adjudged guilty of a felony of the third degree may be punished by a fine not to exceed $5,000."

2. V.T.C.A., Penal Code, Section 12.22, provides:
  "An individual adjudged guilty of a Class B misdemeanor shall be punished by
  "(1) a fine not to exceed $1,000;
  "(2) confinement in jail for a term not to exceed 180 days; or
  "(3) both such fine and imprisonment."

actor delivers one-fourth ounce or less without receiving remuneration."

A close reading of these subsections *together* reflects both felony and misdemeanor offenses. A reading of Subsection (d) alone would indicate that any delivery of marihuana is an offense, which, of course, it is, but whether it be a felony or misdemeanor is dependent upon the construction to be given to Subsections (e) and (f). Subsection (e) makes all deliveries of marihuana a third degree felony, except as provided in Subsection (f), which establishes "an offense under Subsection (d) if the actor delivers one-fourth ounce or less of marihuana without receiving remuneration."

■ Construing these subsections, we conclude that they provide for a third degree felony offense for the delivery of any amount of marihuana above the amount of one-fourth ounce, regardless of whether the actor receives remuneration or not. If the amount delivered is one-fourth ounce or less and the actor does not receive remuneration, the offense is a Class B misdemeanor. This, then, leaves the question of whether the delivery of one-fourth ounce or less *with* remuneration is a felony or misdemeanor. Construing the foregoing subsections together, we conclude that such offense is a felony.

Therefore, to allege a felony under these subsections, the indictment should allege that the defendant did knowingly or intentionally deliver marihuana of more than or in excess of one-fourth ounce [3] or allege that the delivery was one-fourth ounce or less with remuneration. See and compare Mears and Willis v. State, 520 S.W.2d 380 (Tex.Cr.App.1975).

■ It is the intent of Article I, Sec. 10 of the Texas Constitution, Vernon's Ann. St., that the accused in a particular case be given information upon which he may prepare his defense, and this information must come from the face of the indictment. Voelkel v. State, 501 S.W.2d 313 (Tex.Cr. App.1973).

■ It is, of course, not sufficient to say that the accused knew with what offense he was charged, but the inquiry must be whether the charge in writing furnished that information in plain and intelligible language. Moore v. State, 473 S.W.2d 523 (Tex.Cr.App.1971).

■ Further, the rule is that an offense should be charged in plain and intelligible words with such certainty as to enable the accused to know what he will be called upon to defend against and to enable him to plead the judgment that may be given on it in bar of any further prosecution for the same offense. Gaines v. State, 501 S. W.2d 315 (Tex.Cr.App.1973).

Recently, this court was presented with a situation which is analogous to the contention in the present case. In Standley v. State, 517 S.W.2d 538 (Tex.Cr.App.1975), an indictment failed to allege whether the offense of conversion by bailee was under the value of $50, or $50 and over. The effect of not alleging the value was to place the appellant in the position of not having notice as to whether he was being charged with a felony or misdemeanor.

In *Standley* this court stated:

"It is well established that the value of the property must be alleged if it affects penalty. 5 Branch's Ann.P.C., 2d ed., Sec. 2674, p. 120.

"In 30 Tex.Jur.2d, Indictment and Information, Sec. 38, p. 604, it is written:

"'An indictment or information should allege every fact which may affect the degree or kind of punishment. A prior conviction must be alleged where a higher penalty is sought by

3. See McClung's "Jury Charges For Texas Criminal Practice," Revised Ed.1973 (Indictments—Informations—Complaints, p. 17).

reason of such conviction; *the value of property must be stated where it is made the basis of punishment*; and the injury done to the owner of property must be averred where the amount of injury is an essential element in the punishment.' (Emphasis Supplied)

"In Hawkins v. State, 383 S.W.2d 416 (Tex.Cr.App.1964), this court said in a prosecution under Article 1429, Sec. 1 Vernon's Ann.P.C.:

"'Without such an allegation the punishment cannot be determined.' See also Price v. State, 165 Tex.Cr.R. 326, 308 S.W.2d 47 (1957), and cases cited.

"It is clear from what has been said that the indictment in the instant case is fundamentally defective for the failure to allege value. The indictment omits a necessary element of the offense attempted to be alleged, does not show whether it was a misdemeanor or felony, and there is no way to determine from the face of the indictment if the District Court of *Lippscomb* County had jurisdiction of the offense sought to be alleged. We conclude that the judgment of the conviction based thereupon is void, rather than voidable."

 We conclude that the failure of the indictment in the instant case to allege the amount of marihuana delivered or other allegations of remuneration so as to reflect what punishment was involved, whether the offense is a misdemeanor or felony, or whether the District Court had jurisdiction, renders the indictment fundamentally defective. See and compare Carr v. State, 267 So.2d 684 (Fla.App.1972); Pope v. State, 268 So.2d 173 (Fla.App.1972); Brack v. State, 293 So.2d 108 (Fla.App. 1974); Collins v. State, 271 So.2d 156 (Fla.App.173). These Florida cases involve construction of the now repealed Florida Drug Abuse Law involving similar wording as our present statute under consideration. See now the Florida Compre-

hensive Drug Abuse Prevention and Control Act, Sec. 893.13(1)(f), F.S.A.

 The provision of Subsection (f) of Section 4.05 creating a misdemeanor offense is not such an exemption or exception which need not be negated as contemplated by Section 5.10 of the Controlled Substances Act, so that section does not apply.

For the reasons stated, the judgment is reversed and the prosecution ordered dismissed.