Vance WILSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 51373.

Court of Criminal Appeals of Texas.

May 12, 1976.

Charles E. Anderson, on appeal only, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., William J. Ellis, Asst. Dist. Atty., El Paso, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from a conviction under our former Penal Code for receiving and concealing stolen property over the value of $50.00. Punishment was assessed at two years.

It is only necessary to discuss appellant's ground of error in which he contends the evidence was insufficient to show that the property alleged in the indictment to have been stolen was worth more than $50, as the State was bound to prove in order to support a felony conviction. See Arts. 1430, 1421, V.A.P.C.

The indictment charged that appellant had knowingly received and concealed sto-len property consisting of "one set of binoculars of the value of $17.50, and one camera of the value of $200.00 . . ." The evidence as to value is contained in the following testimony of the complaining witness, R. Moorman:

"Q. [by the prosecutor]: Mr. Moorman, what would have been the fair market value of those binoculars on December 10, 1971?

"A. [by complaining witness]: Those were relatively new and I paid $17.50 for them.

"A. Okay sir. I am going to direct your attention to State's Exhibit # 8. Would you examine that and tell me if you can identify it?

"A. Well inside of the lid is my name and my Army serial number, and it is a Konica Camera, which is like the one which I had at the time, apparently this is the same, and there are accessories such as I had, two of them called actuary lenses for the camera, same type of exposure meter, filters for the camera, and some other filters here (indicating) and time selector switch, and a lens brush such as I had.

" * * *

"Q. What would have been the fair market value then on December 10, 1971 for that camera?

"A. Our claim, the claim that we put in for to the insurance company for reimbursement from the insurance company was $200.

"Q. Is that what the insurance company paid?

"A. No, they did not because the claim was settled. The items had been recovered and were in the Sheriff's Department.

Q. Okay, sir. This $200 included the camera, case, and all the attachments?

"A. Yes, all of the camera and equipment."

Construing this testimony most favorably to the jury's verdict, there was evidence that the fair market or replacement value of the binoculars was somewhat

less than $17.50. There was some evidence that the value of the camera, case, and numerous accessories aggregated $200. Appellant complains that the mere filing of an insurance claim in that amount, especially one that was never paid, is no evidence at all of fair market or replacement value. Although we are unable to find any case holding the evidence of aggregate value sufficient upon such scanty testimony,[1] we decline to reverse the judgment for that reason in view of appellant's failure to object to the method of proof. See *Bullard v. State*, Tex.Cr.App., 533 S.W.2d 812; *Turner v. State*, Tex.Cr.App., 486 S.W.2d 797; *Tinsley v. State*, Tex.Cr.App., 461 S.W.2d 605; *Morris v. State*, Tex.Cr.App., 368 S.W.2d 615.

It is axiomatic, however, that a conviction for theft cannot rest in whole or in part upon the theft of property not alleged in the indictment to have been stolen. *Coronado v. State*, Tex.Cr.App., 508 S.W.2d 373; *Ballinger v. State*, Tex.Cr.App., 481 S.W.2d 421. The indictment in the instant case alleged theft of a camera only, not any case or accessories. Because the evidence showed that the value of the binoculars was somewhat less than $17.50, the State was bound to prove that the value of the camera was somewhat more than $32.50.

There was no evidence from any source as to the value of the camera alone, or of the relative values of the camera, the case, or the accessories.

In *Ballinger v. State*, 481 S.W.2d 421, the indictment for theft over $50 alleged the defendant stole shirts and a coat. The proof showed that he had stolen shirts, a coat, and two sweater sets of the total value of $140.00. The judgment was reversed because there was no testimony of the relative value of those items named in the indictment and other items stolen but not so named. Accord, *Howell v. State*, 47 Tex.Cr.R. 252, 83 S.W. 185.

When the only testimony as to total value states an amount including the value of items not alleged to have been stolen, there is in effect no evidence whatsoever that the value of the items so alleged was over the amount necessary to support the conviction, as in *Martin v. State*, Tex. Cr.App., 491 S.W.2d 421 (citing *Ballinger v. State*, supra); *Franco v. State*, Tex.Cr.App., 312 S.W.2d 638; *Perales v. State*, 165 Tex. Cr.R. 638, 310 S.W.2d 335; and *Price v. State*, 165 Tex.Cr.R. 326, 308 S.W.2d 47. To permit a conviction to stand where the State has utterly failed to present any evidence upon an essential element of the offense is a denial of due process of law.

In *Howell v. State*, 47 Tex.Cr.R. 252, 83 S.W. 185, this Court stated:

"The statement of facts being in this uncertain condition, we cannot permit the verdict to stand. It must be shown that the property stolen was worth $50 or more before appellant can be incarcerated in the state penitentiary. It may be that this statement of facts is in this condition through inadvertence, but with this we have nothing to do."

The judgment is reversed and the cause remanded.

---

1. The State relies upon *Gonzales v. State*, Tex. Cr.App., 478 S.W.2d 522; *Hermosillo v. State*, Tex.Cr.App., 475 S.W.2d 252; *Collier v. State*, Tex.Cr.App., 474 S.W.2d 240; *Lucas v. State*, Tex.Cr.App., 452 S.W.2d 468; and *Esperanza v. State*, Tex.Cr.App., 367 S.W.2d 861. In each of those cases, there was direct, specific, and affirmative testimony, even if hearsay, from some source as to the value of the property alleged to have been stolen.