**Ex parte Dallas Alan MARTIN, Jr.**

**No. 67540.**

Court of Criminal Appeals of Texas, En Banc.

April 29, 1981.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

TOM G. DAVIS, Judge.

This is a post-conviction application for writ of habeas corpus filed pursuant to Art. 11.07, V.A.C.C.P.

The record reflects that on December 5, 1977, petitioner was convicted in Cause No. F77–8054–KQ in the 204th Judicial District Court of Dallas County for the felony offense of burglary of a vehicle. The punishment phase was tried before the court. Punishment, enhanced by two prior convictions, was assessed at life. V.T.C.A. Penal Code, Sec. 12.42(d). Petitioner's conviction was affirmed in a per curiam opinion by this Court in our Cause No. 58,815 styled *Martin v. State,* 600 S.W.2d 336 (1980).

Petitioner challenges the use of one of his prior convictions for enhancement purposes in his present sentence. He maintains that the prior conviction was not available for enhancement because it was void for reasons of former jeopardy.

One of the prior convictions alleged and used for enhancement was petitioner's conviction in Cause No. C–72–4441–IN in the 195th Judicial District Court of Dallas County for theft of property with a value of over $50.00. The original conviction under that cause number was reversed by this Court in *Martin v. State,* 491 S.W.2d 421 (1973), after it was found that the evidence was insufficient to support petitioner's plea of guilty. Some two weeks after the reversal of that conviction by this Court, petitioner was again convicted in Cause No. C–72–4441–IN. The conviction obtained following the reversal was used to enhance petitioner's punishment in his 1977 conviction for burglary of a vehicle.

In *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), and *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), the Supreme Court of the United States held that the Double Jeopardy Clause of the United States Constitution precludes a second trial once a reviewing court has found the evidence legally insufficient to support a conviction. In *Ex parte Mixon,* 583 S.W.2d 378 (Tex.Cr.App.1979), it was held that this Court would apply the rule of *Burks* and *Greene* retroactively. Further, the rule will be applied following a reversal for insufficient evidence to support a plea of guilty. See *Laflore v. State,* 595 S.W.2d 862 (Tex.Cr.App.1980). Finally, regardless of the proceedings in the trial court, a plea of former jeopardy may be raised for the first time in this Court. *Jones v. State,* 586 S.W.2d 542 (Tex.Cr.App.1979).

We conclude that following the reversal for insufficient evidence, petitioner was not subject to being prosecuted for a second time in Cause No. C–72–4441–IN. Further prosecution under that cause was barred by jeopardy. Thus, the second conviction obtained in that cause was invalid and unavailable for enhancement purposes.

This error relates only to punishment. As stated above, the punishment phase was tried before the court. Therefore, it is necessary to remand this cause for a proper assessment of punishment by the court.

The relief sought is granted. The cause is remanded for the court to reassess punishment in Cause No. F77–8054–KQ in the 204th Judicial District Court of Dallas County within the range provided by Sec. 12.42(a), supra.

It is so ordered.