**Shrunda G. GARTH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–97–01512–CR.**

Court of Appeals of Texas, Dallas.

Oct. 1, 1999.

Robert T. Baskett, Lyon, Gorsky, Baskett & Haring, L.L.P., Dallas, for Appellant.

Michael J. Sandlin, Assistant District Attorney, Dallas, for the State.

Before Chief Justice THOMAS and Justices FARRIS [1] and MILLER [2]

## OPINION

THOMAS, Chief Justice.

Shrunda G. Garth appeals her conviction for theft by a public servant. The trial court found appellant guilty and assessed punishment at 180 days' confinement, probated for 180 days, and a $500 fine. In six points of error, appellant generally contends

- two separate appropriations of property are required to constitute an offense under section 31.03(f) of the penal code and the facts of this case do not establish two separate appropriations; thus, the evidence does not support this conviction;
- the evidence is legally and factually insufficient to prove complainant was the owner of the property and that the property was appropriated without the owner's consent; and
- the trial court erred in granting the State's motion to amend the information.

We affirm the trial court's judgment.

It is undisputed that, at the time of this offense, appellant was employed as an undercover detective with the Dallas Police Department in the narcotics division. Further, it is undisputed these charges arise from the fact that appellant used her

1. The Honorable David F. Farris, Former Justice, Second District Court of Appeals, sitting by assignment.

2. The Honorable Chuck E. Miller, Former Judge, Texas Court of Criminal Appeals, sitting by assignment.

employee fuel card at a police substation to pump twenty-five gallons of gasoline into her personal vehicle.

In the first three points of error, appellant contends that two separate appropriations of property are necessary to implicate section 31.03(f) of the penal code and, because there is no evidence of this two-stage appropriation, the evidence does not support her conviction. Appellant argues that section 31.03(f) is intended to apply to something more than simply a theft by a person who is a public servant. The crux of appellant's argument is that the enhancement provisions apply only if a public servant lawfully obtains property and thereafter unlawfully converts it to his own use and benefit. Thus, appellant contends that the original possession or control must be authorized "by virtue" of a person's status as a public servant. Then, the public servant must unlawfully convert it to his own use and benefit. We disagree.

Section 31.03 of the penal code provides in pertinent part:

(a) a person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.

* * *

(e) Except as provided in Subsection (f), an offense under this section is:

(1) a Class C misdemeanor if the value of the property stolen is less than:

(A) $50....

(f) An offense described for purposes of punishment by Subsections (e)(1)–(6) is increased to the next higher category of offense if it is shown on the trial of the offense that:

(1) the actor was a public servant at the time of the offense and the property appropriated came into the actor's custody, possession, or control by

virtue of his status as a public servant....

Tex. Pen.Code Ann. § 31.03(a), (e)(1)(A), (f)(1) (Vernon 1994 & Supp.1999). The explicit language of the statute requires that the accused unlawfully appropriate property with intent to deprive the owner of the property. See id. § 31.03(a). Sufficient proof that the accused is a public servant at the time of the theft and that the property came into the accused's custody, possession, or control by virtue of his/her status as a public servant, acts to enhance the punishment. See Tex. Pen. Code Ann. § 1.07(a)(41) & § 31.03(e)–(f) (Vernon 1994 & Supp.1999); Ex Parte Beck, 769 S.W.2d 525, 527 n. 2 (Tex.Crim. App.1989).

Here, it is undisputed that appellant was a public servant at the time she appropriated the gasoline. Moreover, but for her status as a public servant, appellant would not have been able to use the employee gas card to appropriate the gasoline. Thus, we conclude the evidence supports the finding of theft by a public servant. We overrule the first three points of error.

In the fourth and fifth points of error,[3] appellant argues the evidence is legally and factually insufficient to prove the named complainant was the owner of the property and that the appropriation of the property was without the owner's consent. In reviewing a legal sufficiency challenge, we must view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In conducting a factual sufficiency review, we review the fact finder's weighing of the evidence and we are authorized to disagree with the fact finder's determination. See Clewis v. State, 922 S.W.2d 126, 133 (Tex.Crim.App.1996). We view all

---

**3.** Although appellant's points of error four and five are multifarious, in the interest of justice, we will address the issues raised. See

Martinets v. State, 884 S.W.2d 185, 188–89 (Tex.App.Austin 1994, no pet.) (op. on reh'g).

the evidence without the prism of "in the light most favorable to the prosecution." *See id.* at 129. This review, however, must be appropriately deferential so as to avoid substituting our judgment for that of the fact finder. *See id.* at 133; *see also Van Zandt v. State,* 932 S.W.2d 88, 96 (Tex. App.-El Paso 1996, pet. ref'd). We set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Clewis,* 922 S.W.2d at 134.

The information named Albert Garcia as the "owner" of the gasoline. Section 1.07(a)(35) of the penal code defines "owner" as a person who "has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor." TEX. PEN.CODE ANN. § 1.07(a)(35) (Vernon 1994). In effect, the State pleaded that the gasoline belonged to the City, as represented by a natural person, Garcia. We note that this type of pleading is preferred when the appropriated property belongs to a corporation or governmental entity. *See Sowders v. State,* 693 S.W.2d 448, 451 (Tex.Crim.App.1985); *State v. Bartee,* 894 S.W.2d 34, 44 (Tex.App.-San Antonio 1994, no pet.). The gas pumps were located on City property, and Garcia was the shift supervisor in charge of the entire facility with some authority regarding the use of the pumps. We conclude the State properly pleaded Garcia as the owner, and the evidence was legally and factually sufficient to prove Garcia had a greater right to possession of the gasoline than appellant. Accordingly, we overrule the fourth point of error.

Appellant next challenges the evidence that established the appropriation of the gasoline was without Garcia's consent. Admittedly, appellant had a right to possess and, to some extent, control the fuel access card. However, once appellant de-

cided to use the card for her own benefit rather than for the benefit of the City, her control over the card could no longer be considered consensual. *See Huff v. State,* 897 S.W.2d 829, 834–35 (Tex.App.-Dallas 1995, pet. ref'd). Appellant acknowledged that her actions "might not be right." Additionally, Garcia testified that appellant did not have his consent to put gasoline in her personal vehicle. We conclude this evidence is legally and factually sufficient to show the owner's lack of consent. Therefore, we overrule the fifth point of error.

In the final point of error, appellant asserts the trial court erred in granting the State's motion to amend the information. In this connection, appellant complains that the information was amended without giving her "an opportunity to appear and be heard," the State's motion was not sufficient to support a change in the information because it did not seek affirmative relief, and, under article 28.10 of the code of criminal procedure, the information could not be amended over objection because the amended information charged her with a different offense.

The information originally alleged appellant appropriated property of the value of *"at least $20.00 but less than $500.00."* Appellant filed a motion to quash urging, among other things, that the information failed to allege facts from which she could determine the grade of the offense and the appropriate range of punishment. The motion pointed out that there was no punishment range for theft of property having a value of at least $20.00 but less than $500.00. Additionally, appellant argued that the information alleged a value range that overlapped the Class C and Class B misdemeanor punishment ranges.

The State filed a motion to amend the information.[4] The prosecutor orally noti-

4. One day earlier, the State had filed a motion to amend the indictment [sic]. The State hand-delivered a copy of its motion to appellant's counsel. On the same day and before

any action was taken, the State filed its Motion for Leave to Withdraw Motion to Amend. The State notified appellant's counsel about the motion to withdraw and told counsel that

fied appellant's counsel of what the contents of the motion would be. The State presented its motion to a trial judge on the date that it was filed. A retired trial judge signed an order granting the motion and altered the face of the information.[5] The State mailed a copy of its motion to amend to appellant's counsel. However, it was returned by the postal service, whereupon the State faxed a copy to appellant's counsel approximately three days before trial.

Before the trial commenced, appellant's counsel objected to the trial court's action in amending the information and complained about the sufficiency of the State's motion to amend. Appellant's counsel also argued the merits of the motion to quash. Appellant's counsel explicitly stated that he did not object to the motion to amend on the "ground of timeliness or timeliness of notice."

A hearing on a motion to amend an information is not required by statute. See TEX.CODE CRIM. PROC. ANN. art. 28.10 (Vernon 1989). Only *notice* to a defendant is required. See *id.* Appellant's counsel was aware of the State's intent to amend the information and its actions towards that end. Article 28.11 provides that all amendments of an information, whether in matters of form or substance, shall be made with the leave of the court and under its direction. See TEX.CODE CRIM. PROC. ANN. art. 28.11 (Vernon 1989). The requirements of articles 28.10 and 28.11 were satisfied in this case. We conclude the trial court had the authority to amend the information and properly permitted amendment by insertion of the language "less than $50.00."

Appellant also argues that this amendment to the information violated article 28.10(c) because the amended information charged her with an additional or different offense. In support of this position, appellant cites *Mears v. State,* 520 S.W.2d 380 (Tex.Crim.App.1975). We conclude that appellant's reliance upon *Mears* is misplaced.

In *Mears,* the defendant was convicted of delivery of marihuana. The indictment, however, did not allege the quantity of marihuana involved nor did it allege the delivery was for remuneration. Because the amount of marijuana was determinative of what punishment would be assessed, whether the offense was a misdemeanor or felony, and the trial court's jurisdiction, the court of criminal appeals held that the indictment was fundamentally defective. In arriving at its decision, the court cited *Standley v. State,* 517 S.W.2d 538 (Tex.Crim.App.1975). In *Standley,* the court held that when an indictment fails to allege the value in a conversion case, the defendant does not know if he is being charged with a misdemeanor or a felony; thus, the indictment is fundamentally defective for failure to allege value. *Standley,* 517 S.W.2d at 540–41.

This case is distinguishable from the reasoning in *Mears* and *Standley.* Admittedly, the original information did not *properly* allege a value. It did, however, allege a value, which was correct for a Class B misdemeanor until September 1, 1995. See Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3637, *amended by* Act of May 29, 1995, 74th Leg., R.S., ch. 318, § 9, 1995 Tex. Gen. Laws 2737, 2737 (subsequent amendments not listed) (current version at TEX. PEN.CODE ANN. § 31.03(e) (Vernon Supp.1999)). The correct category for an

---

the State would be filing a "motion to amend *information.*"

**5.** The information as amended alleged that appellant did unlawfully
knowingly, and intentionally appropriate property, namely: exercise control over property, other than real property, to-wit: twenty-five (25) gallons of gasoline of the value of less than $50.00 without the effective consent of the [sic] Albert Garcia, the owner of the said property, with the intent to deprive the said owner of the said property.

offense committed at the time of this case was a Class C misdemeanor because the value was less than $50. See TEX. PEN. CODE ANN. § 31.03(e)(1) (Vernon 1994 & Supp.1999).

Moreover, the court of criminal appeals has explained that a "different offense" under article 28.10 means a different statutory offense. *See Flowers v. State*, 815 S.W.2d 724, 728 (Tex.Crim.App.1991). When the trial judge changed the value, the amended information did not allege a different offense. Rather, it merely changed an element of the theft offense. *See id.*

Even if we were to conclude the trial court erred in granting the amendment, we would nevertheless conclude the amendment did not prejudice appellant's substantial rights. *See* TEX.CODE CRIM. PROC. ANN. art. 28.10(c) (Vernon 1989); TEX.R.APP. P. 44.2(b). Appellant's counsel essentially conceded the change in the allegations caused no surprise: the motion to quash specified the defect; he had conversations with the prosecutor regarding the State's intent and actions to amend the allegations; he received a faxed copy of the motion before the trial commenced; the order granting the motion was entered and the alteration of the information was made sixteen days before the date the trial commenced; and appellant never requested a continuance to respond to the amended information. Appellant had an opportunity to object to the amended information and did so at the pretrial hearing. *See* TEX.CODE CRIM. PROC. ANN. art. 28.10(c)(Vernon 1989); *Byrum v. State*, 762 S.W.2d 685, 690–91 (Tex.App.-Houston [14 th Dist.] 1988, no pet.). We overrule the sixth point of error.

We affirm the trial court's judgment.