Joseph A. WIRGES, III, Appellant,

v.

The STATE of Texas, Appellee.

No. 49882.

Court of Criminal Appeals of Texas.

April 9, 1975.

Brown, Hamby & Bancroft, Big Spring, for appellant.

Robert H. Moore, III, Dist. Atty., Big Spring, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

Appellant was convicted of delivery of marihuana; punishment was assessed at ten years' imprisonment; adult probation was granted by the court.[0]

The appellant waived prosecution by indictment and consented to be charged by information. The date of the offense was June 6, 1974.

We have examined the information and find it to be fundamentally defective for failure to allege the amount of marihuana delivered. Mears and Willis v. State, Tex.Cr.App., 520 S.W.2d 380 (1975); Wilson v. State, Tex.Cr.App., 520 S.W.2d 377 (1975). With regard to amount, the information states only that appellant " . . . did then and there knowingly deliver to Steve E. Dunham a useable quantity of marihuana."

The judgment is reversed and the prosecution ordered dismissed.

ONION, Presiding Judge.

I concur in the results reached. Since the offense attempted to be alleged is delivery of marihuana rather than possession of marihuana under the Texas Controlled Substances Act, Sec. 4.05 (Article 4476–15, Vernon's Ann.Civ.St.), I would point out that, in my opinion, an allegation that amount is "a usable quantity" is a necessary allegation in a possession of marihuana case, but is not a necessary allegation when the offense sought to be alleged is delivery of marihuana. I based my reasoning on the wording of the said Section 4.-05, supra, which reads:

"(a) Except as authorized by this Act, a person commits an offense if he knowingly or intentionally possesses *a usable quantity* of marihuana.

"(b) An offense under Subsection (a) of this section is:

"(1) a felony of the third degree if he possesses more than four ounces;

"(2) a Class A misdemeanor if he possesses four ounces or less but more than two ounces;

"(3) a Class B misdemeanor if he possesses two ounces or less.

"(c) The possession of marihuana may not be considered a crime involving moral turpitude.

"(d) Except as otherwise provided by this Act, a person commits an offense if he knowingly or intentionally delivers marihuana.

"(e) Except as provided in Subsection (f) of this section, an offense under Subsection (d) of this section is a felony of the third degree.

"(f) An offense under Subsection (d) is a Class B misdemeanor if the actor delivers one-fourth ounce or less without receiving remuneration." (Emphasis Supplied)

The words "a usable quantity" are used only in the definition of the offense of

possession, see Subsection (a) of Section 4.05, supra, but are not found in the definition of delivery of marihuana found in Subsections (d), (e), and (f) of Section 4.-05, supra.

The necessary allegations in a delivery of marihuana case were discussed in Wilson v. State, 520 S.W.2d 377 (Tex.Cr.App., 1975).

I concur.