Antonio MEDRANO, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 50,137.

Court of Criminal Appeals of Texas.

June 25, 1975.

Alan Brown, Appleberry, Deyeso & Haase, San Antonio, for appellant.

Joe Carroll, Dist. Atty., Bob D. Odom, Asst. Dist. Atty., Belton, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

Appellant was convicted of delivery of marijuana under the Controlled Substances Act. The jury assessed his punishment at five years' confinement and a fine of three thousand dollars.

■ Appellant's third ground alleges that the indictment is fatally defective for failing to allege the quantity involved or that the delivery was for remuneration. We agree.

Section 4.05 of the Controlled Substances Act provides, in part, as follows:

"Sec. 4.05 . . .

"(d) Except as otherwise provided by this Act, a person commits an offense if he knowingly or intentionally delivers marihuana.

"(e) Except as provided in Subsection (f) of this section, an offense under Subsection (d) of this section is a felony of the third degree.

"(f) An offense under Subsection (d) is a Class B misdemeanor if the actor delivers one-fourth ounce or less without receiving remuneration."

In Wilson v. State, 520 S.W.2d 377 (Tex. Cr.App.1975), and Mears v. State, 520 S.W.2d 380 (Tex.Cr.App.1975), we held that:

"The failure of the indictment in the instant case to allege the amount of marihuana delivered or other allegations of remuneration so as to reflect what pun-

ishment was involved, whether the offense is a misdemeanor or felony, or whether the District Court had jurisdiction, renders the indictment fundmentally defective." Wilson, supra, at 380.

The indictment in this cause is similarly defective. It follows that this case must be reversed.

Nor is it significant that no motion to quash the indictment was filed, since the error goes to the very jurisdiction of the District Court. See Wilson v. State, supra; Mears v. State, supra; and Price v. State, 165 Tex.Cr.R. 326, 308 S.W.2d 47 (1957).[1]

The judgment is reversed and the prosecution ordered dismissed.[2]

---

1. We observe that in *Mears* the appellant did not challenge the indictment in the trial court or on appeal.

2. In examining the record, we note that the only copy of the indictment included therein is a photocopy. It appears that in the process of photocopying the original, the left edge of the indictment was inadvertently "cut off." As a result, the indictment concludes "AINST [sic] THE PEACE AND DIGNITY OF THE STATE." See Art. 21.02(8), Vernon's Ann.C.C.P. Greater care should be taken in the preparation of the appellate record.