**Larry Joe TRIBBLE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 50331.**

Court of Criminal Appeals of Texas.

July 9, 1975.

---

3. It appears that appellant was in custody of federal authorities and that the Erath County jail was not approved by federal authorities for confinement of federal prisoners and the closest approved jail was the Tarrant County jail in Fort Worth.

John V. McShane, Dallas, for appellant.

Tim Curry, Dist. Atty., Rufus Adcock, Tom Hill, Roger W. Crampton and Bob Marshall, Asst. Dist. Attys., Forth Worth, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

Appellant entered a plea of guilty before a jury to the offense of knowingly and intentionally delivering marihuana and it assessed his punishment at three (3) years.

The indictment alleged that the offense was committed on or about January 15, 1974. Consequently, said indictment was drawn under the provisions of Section 4.05, Texas Controlled Substances Act (Article 4476–15, Vernon's Ann.Civ.Stat.).

The indictment, omitting the formal parts, alleges that appellant on or about January 15, 1974, "did then and there knowingly and intentionally deliver to D. L. Stallings marihuana, . . ." Such is fundamentally defective in that it fails to allege the amount of marihuana delivered or that the marihuana was delivered for

remuneration, so as to reflect what punishment is involved, whether the offense is a misdemeanor or a felony, or whether the district court has jurisdiction. Medrano v. State, 524 S.W.2d 719 (No. 50,137, June 25) (Tex.Cr.App.1975); Mears v. State, 520 S.W.2d 380 (Tex.Cr.App.1975); Wilson v. State, 520 S.W.2d 377 (Tex.Cr.App.1975); Wirges v. State, 521 S.W.2d 251 (Tex.Cr. App.1975). Cf. Trevino v. State, 523 S.W.2d 718 (Tex.Cr.App.1975).

The judgment is reversed and the prosecution is ordered dismissed.

Opinion approved by the Court.