**Charles Milton SAUNDERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 51165.**

Court of Criminal Appeals of Texas.

Oct. 22, 1975.

None on appeal, for appellant.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

Appellant entered a plea of guilty before the court to the offense of knowingly and intentionally delivering marihuana. Punishment was assessed at three (3) years.

The indictment, omitting the formal parts, alleges that appellant on or about May 24, 1974, "then and there knowingly and intentionally delivered to John Hester marihuana; . . . " Consequently, such indictment was drawn under the provisions of Sec. 4.05, Texas Controlled Substances Act (Art. 4476–15, Vernon's Ann.Civ.Stat.). The indictment is fundamentally defective in that it fails to allege the amount of marihuana delivered or that the marihuana was delivered for remuneration, so as to reflect what punishment is involved, whether the offense is a misdemeanor or felony, or whether the district court has jurisdiction. *Wilson v. State,* 520 S.W.2d 377 (Tex. Cr.App.1975); *Mears v. State,* 520 S.W.2d 380 (Tex.Cr.App.1975); *Wirges v. State,* 521 S.W.2d 251 (Tex.Cr.App.1975); *Medrano v. State,* 524 S.W.2d 719 (Tex.Cr.App.1975); *Tribble v. State,* 525 S.W.2d 29 (Tex.Cr.App. 1975).

The judgment is reversed and the prosecution is ordered dismissed.

DOUGLAS, J., not participating.