**Bobby FINLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 50403.**

Court of Criminal Appeals of Texas.

Oct. 29, 1975.

Weldon Holcomb, Tyler, for appellant.

Curtis L. Owen, Dist. Atty., Howard W. Britain, Asst. Dist. Atty., Tyler, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is delivery of marihuana; the punishment, two years.

The indictment, omitting ɪ the formal parts, alleges that appellant on or about October 19, 1973, did ". . . then and there knowingly and intentionally deliver to Oscar Salazar a controlled substance, to-wit: Marihuana . . ." Consequently, such indictment was drawn under the provisions of Section 4.05, Texas Controlled Substances Act (Article 4476–15, V.A.C.S.). The indictment is fundamentally defective in that it fails to allege the amount of marihuana delivered or that the marihuana was delivered for remuneration, so as to reflect what punishment is involved, whether the offense is a misdemeanor or felony, or whether the district court has jurisdiction. *Saunders v. State,* Tex.Cr.App., 528 S.W.2d 843 (delivered October 22, 1975); *Tribble v. State,* Tex.Cr.App., 525 S.W.2d 29; *Medrano v. State,* Tex.Cr.App., 524 S.W.2d 719; *Wirges v. State,* Tex.Cr.App., 521 S.W.2d 251; *Mears v. State,* Tex.Cr.App., 520 S.W.2d 380; *Wilson v. State,* Tex.Cr.App., 520 S.W.2d 377.

The judgment is reversed, and the prosecution is ordered dismissed.

DOUGLAS, J., not participating.