**Henry GONZALES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 51166 and 51167.**

Court of Criminal Appeals of Texas.

Dec. 10, 1975.

Peter Torres, Jr., San Antonio, for appellant.

Ted Butler, Dist. Atty. and Michael Schill, Donald A. Clowe and Douglas C. Young, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

Appellant was convicted by a jury under two indictments charging him with delivery of marihuana. The court assessed punishment at three (3) years in each case; however, imposition of sentence was suspended and appellant was placed on probation.

Appellant's sole contention is that the indictments are fundamentally defective for failure to allege the amount of marihuana delivered. He relies on *Wilson v. State,* 520 S.W.2d 377 (Tex.Cr.App.1975), and *Tribble v. State,* 525 S.W.2d 29 (Tex.Cr.App. 1975). See also *Mears v. State,* 520 S.W.2d 380 (Tex.Cr.App.1975); *Wirges v. State,* 521

S.W.2d 251 (Tex.Cr.App.1975); *Medrano v. State*, 524 S.W.2d 719 (Tex.Cr.App.1975); *Saunders v. State*, 528 S.W.2d 843 (Tex.Cr. App. delivered October 22, 1975).

The indictment in cause No. 51,166, omitting the formal parts, alleged that on May 31, 1974, appellant "did then and there unlawfully, knowingly and intentionally deliver marihuana to John Hester, for remuneration; . . ." In cause No. 51,167, the indictment, omitting the formal parts, alleged that on June 19, 1974, appellant "did then and there unlawfully, knowingly and intentionally deliver marihuana to John Hester, for remuneration; . . ."

Sec. 4.05 of the Texas Controlled Substances Act provides for offenses involving both the possession and delivery of marihuana.

That part of Sec. 4.05 pertaining to the offenses relating to the delivery of marihuana are subsections (d), (e) and (f). They read as follows:

"(d) Except as otherwise provided by this Act, a person commits an offense if he knowingly or intentionally delivers marihuana.

"(e) Except as provided in Subsection (f) of this section, an offense under Subsection (d) of this section is a felony of the third degree.

"(f) An offense under Subsection (d) is a Class B misdemeanor if the actor delivers one-fourth ounce or less without receiving remuneration."

In *Wilson v. State*, supra, we considered that part of Sec. 4.05 (Art. 4476–15, Vernon's Ann.Civ.Stat.) which prohibits the delivery of marihuana. There, we stated:

"Construing these subsections, we conclude that they provide for a third degree felony offense for the delivery of any amount of marihuana above the amount of one-fourth ounce, regardless of whether the actor receives remuneration or not. If the amount delivered is one-fourth ounce or less and the actor does not receive remuneration, the offense is a Class B misdemeanor. This, then, leaves the question of whether the delivery of one-fourth ounce or less *with* remuneration is a felony or misdemeanor. Construing the foregoing subsections together, we conclude that such offense is a felony. (Emphasis in original.)

"Therefore, to allege a felony under these subsections, the indictment should allege that the defendant did knowingly or intentionally deliver marihuana of more than or in excess of one-fourth ounce or allege that the delivery was one-fourth ounce or less with remuneration. See and compare *Mears* and *Willis v. State*, 520 S.W.2d 380 (Tex.Cr.App. 1975)." (Footnote omitted.)

In addition to the authorities cited above, in *Finley v. State*, 528 S.W.2d 854 (Tex.Cr. App. delivered 10/29/75), we held that an indictment for delivery of marihuana is fundamentally defective if it fails to allege the amount of marihuana delivered *or* that the marihuana was delivered with remuneration. The same language—the necessity of alleging in the indictment either the quantity of marihuana delivered or that the delivery was for remuneration—was also used in *Mears v. State*, supra; *Tribble v. State*, supra, and *Medrano v. State*, supra.

In *Wirges v. State*, supra, the concurring opinion pointed out that all deliveries of marihuana fall within the ambit of the Texas Controlled Substances Act, Sec. 4.05(d). "Usable quantity" is not a necessary allegation if the offense is delivery of marihuana, as it is if the offense is possession. What is necessary for any indictment, as this court discussed in *Standley v. State*, 517 S.W.2d 538 (Tex.Cr.App.1975), is the allegation of "every fact which may affect the degree or kind of punishment," quoting from 30 Tex. Jur.2d, Indictment and Information, Sec. 38, p. 604. From the already quoted subsections of the Texas Controlled Substances Act, Sec. 4.05, it should be clear that all deliveries of marihuana are felonies of the third degree, as stated in Subsection (e), unless the delivery meets the requirements of Subsection (f). Subsection (f) refers to

delivery of "one-fourth ounce or less without receiving remuneration." Since the present indictment alleges a delivery of marihuana (a criminal offense under Sec. 4.05(d) regardless of what quantity is involved) with remuneration (which means Sec. 4.05(f) is inapplicable), the offense charged was a third degree felony. Sec. 4.05(d), (e), and (f) indicate that the State legislature considered all deliveries of marihuana to be punishable offenses, with all such deliveries to receive punishment as third degree felonies unless the quantity was so small and no remuneration was made as to make such punishment improper. The system established was this: all deliveries of more than one-quarter ounce are felonies of the third degree regardless whether there was remuneration or not; all deliveries of one-quarter ounce or less without remuneration are Class B misdemeanors; any delivery with remuneration, regardless of amount, is a third degree felony.

Since the indictment alleged all the facts "which may affect the degree or kind of punishment" and reflects on its face a felony offense, it is a valid indictment.

The judgment is affirmed.

ROBERTS, J., concurs in the result.