Osvaldo Rivera SUAREZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 51096.

Court of Criminal Appeals of Texas.

Jan. 21, 1976.

Percy Foreman and Dick DeGuerin, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Gerard Guerinot, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

See also Tex.Cr.App., 532 S.W.2d 606.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the offense of delivery of marihuana. After the appellant waived a jury trial, entered a plea of guilty, and was found guilty, the court assessed appellant's punishment at imprisonment for 5 years.

We have in this appeal a question of the sufficiency of the indictment. The indictment alleged in the first count that the appellant "on or about March 27, 1974, did then and there unlawfully, knowingly and intentionally, deliver to Tom Garner marihuana." The second count of the indictment alleged that the appellant possessed on the same day a usable quantity of marihuana of more than four ounces. However, the State dismissed and abandoned the second count of the indictment.

This prosecution is under Section 4.05 of the Controlled Substances Act (Art. 4476–15, V.A.C.S.), which in part provides:

"(d) Except as otherwise provided by this Act, a person commits an offense if he knowingly or intentionally delivers marihuana.

"(e) Except as provided in Subsection (f) of this section, an offense under Subsec-

tion (d) of this section is a felony of the third degree.

"(f) An offense under Subsection (d) is a Class B misdemeanor if the actor delivers one-fourth ounce or less without receiving remuneration."

■ The proper interpretation of these statutory provisions is that (1) delivery of more than one-fourth ounce of marihuana is a felony of the third degree regardless of whether the delivery was for remuneration; (2) the delivery of any amount of marihuana for remuneration is a felony of the third degree; and (3) the delivery of less than one-fourth ounce of marihuana without remuneration is a Class B misdemeanor. *Gonzales v. State,* Tex.Cr.App., 530 S.W.2d 570 (Nos. 51,166 and 51,167, delivered December 10, 1975).

■ Since the indictment in this case failed to allege the quantity of marihuana delivered or whether the delivery was for remuneration, it does not allege a felony offense. See *Wilson v. State,* 520 S.W.2d 377 (Tex.Cr.App.1975); *Mears v. State,* 520 S.W.2d 380 (Tex.Cr.App.1975); *Medrano v. State,* 524 S.W.2d 719 (Tex.Cr.App.1975); *Tribble v. State,* 525 S.W.2d 29 (Tex.Cr.App. 1975); *Wirges v. State,* 521 S.W.2d 251 (Tex.Cr.App.1975); *Saunders v. State,* 528 S.W.2d 843 (Tex.Cr.App.1975); *Finley v. State,* 528 S.W.2d 854 (Tex.Cr.App.1975).

■ In the cases just cited the indictments failed to allege that the delivery of marihuana was for remuneration and failed to allege that the delivery was of more than one-fourth ounce. These indictments were held to be fundamentally defective and the prosecution was ordered dismissed. We reaffirm the holding of these cases except that we have now concluded and hold that an indictment which fails to allege the quantity of marihuana delivered or that it was delivered for remuneration alleges an offense punishable as a Class B misdemean-

1. Nothing herein precludes re-indictment consistent herewith.

1. The majority indicates the indictment may upon remand be transferred to a court hav-

or. The proper disposition of this case requires that we reverse the judgment of conviction for the felony offense and we remand the cause to the trial court to be transferred to a court having jurisdiction of the misdemeanor offense of the delivery of marihuana.[1] Article V, Section 17, Texas Constitution; Article 21.26, V.A.C.C.P.

The judgment is reversed and the cause is remanded for disposition consistent with this opinion.

Opinion approved by the Court.

ONION, Presiding Judge (concurring in part and dissenting in part).

I concur in the reversal, but not for the reasons stated.

### PART I

Until today this court had consistently held that failure of an indictment to allege that the delivery of marihuana (under Sec. 4.05, Texas Controlled Substances Act) without alleging the amount or that the delivery was with remuneration rendered the indictment fatally defective; that such allegations did not reflect what possible punishment was involved, whether the offense is a misdemeanor or a felony, or whether the district court had jurisdiction. Under the previous cases it became clear, as will be shown, that such indictment was fundamentally defective and the question could be raised on appeal for the first time without a motion to quash filed in the court below.

Today the majority expressly states:

"We reaffirm the holding of these cases except that we have now concluded and hold that an indictment which fails to allege the quantity of marihuana delivered or that it was delivered for remuneration alleges an offense punishable as a Class B misdemeanor."[1]

ing misdemeanor jurisdiction or that the State may seek re-indictment.

It is difficult to see how the cases are being "reaffirmed" when they are so seriously eroded by the statement that allegations formerly thought to be fatally defective are now sufficient to allege a Class B misdemeanor. This effectively destroys the meaning of the former cases and is accomplished simply with a statement, ". . . we have now concluded . . . ." No rhyme or reason is given for the change. No explanation is made why the former reasoning was in error, totally or in part. The majority, because it has the authority to do so, simply makes the bald-faced statement involving their present conclusion and says no more. Surely the bench and the bar are entitled to more than this. The allegation of delivery of marihuana without reference to amount or whether it was with remuneration comes far closer under the statute to alleging a felony rather than a misdemeanor, but, nonetheless, I would adhere to the former holdings of this court now so clearly undermined by "reaffirmance."

The offense of delivery of marihuana is governed by the provisions of Section 4.05, Subsections (d), (e) and (f) of the Texas Controlled Substances Act (Article 4476–15, Vernon's Ann.C.S.), which provides:

"(d) Except as otherwise provided by this Act, a person commits an offense if he knowingly or intentionally delivers marihuana.

"(e) Except as provided in Subsection (f) of this section, an offense under Subsection (d) of this section is a felony of the third degree.

"(f) An offense under Subsection (d) is a Class B misdemeanor if the actor delivers one-fourth ounce or less without receiving remuneration."

*Mears v. State,* 520 S.W.2d 380 (Tex.Cr. App.1975), was actually the first case in which this court was confronted with the sufficiency of an indictment which merely alleged that the defendant knowingly and intentionally delivered marihuana. On appeal the question raised was whether the indictment was fundamentally defective because it did not allege the quantity of marihuana delivered or allege the delivery was for remuneration. The court simply concluded that the indictment was fundamentally defective for failure to allege the *amount* of marihuana delivered.

*Wilson v. State,* 520 S.W.2d 377 (Tex.Cr. App.1975), handed down the same day as *Mears,* held that the subsections of said Section 4.05, above cited, provide for a third degree felony offense for the delivery of any amount of marihuana above the amount of one-fourth ounce, regardless of whether there was remuneration or not. If the amount delivered is one-fourth ounce or less and the actor *does not* receive remuneration, the offense is a Class B misdemeanor. The opinion held that if the delivery of one-fourth ounce or less was *with* remuneration, the offense was a third degree felony.

The opinion then stated:

"Therefore, to allege a felony under these subsections, the indictment should allege that the defendant did knowlingly (sic) or intentionally deliver marihuana of more than or in excess of one-fourth ounce or allege that the delivery was one-fourth ounce or less with remuneration."

The court further stated:

"We conclude that the failure of the indictment in the instant case to allege the amount of marihuana delivered or other allegations of remuneration so as to reflect what punishment was involved, whether the offense is a misdemeanor or felony, or whether the District Court had jurisdiction renders the indictment fundamentally defective."

Subsequently, in *Wirges v. State,* 521 S.W.2d 251 (Tex.Cr.App.1975), the felony information, following waiver of indictment, charged the defendant "did then and there knowingly deliver to Steve E. Dun-

ham a useable quantity of marihuana." Such information was held fundamentally defective for failure to allege the amount of marihuana. The concurring opinion noted that the allegation "useable quantity" is a necessary allegation in a possession of marihuana case under said Section 4.05, but was not a necessary allegation in a delivery of marihuana case under the same section.

In *Medrano v. State*, 524 S.W.2d 719 (Tex.Cr.App.1975), the indictment was held fatally defective for failure to allege the quantity delivered or that delivery was for remuneration. The court noted it was not significant that a motion to quash the indictment was not filed in the trial court since the error goes to the very jurisdiction of the district court. *Mears* and *Wilson* were cited.

Again in *Tribble v. State*, 525 S.W.2d 29 (Tex.Cr.App.1975), this court held the indictment was fatally defective in that it failed to allege the amount of marihuana delivered or to allege that the marihuana was delivered for remuneration so as to reflect what punishment was involved, whether the offense was a misdemeanor or a felony, or whether the district court has jurisdiction. To the same effect are the recent cases of *Saunders v. State*, 528 S.W.2d 843 (Tex.Cr.App.1975), and *Finley v. State*, 528 S.W.2d 854 (Tex.Cr.App.1975).

More recently in *Gonzales v. State*, 530 S.W.2d 570 (Tex.Cr.App., Nos. 51,166 and 51,167, delivered December 10, 1975), we were confronted with an indictment which did not allege the amount or quantity of marihuana but alleged only that the marihuana was delivered with remuneration. We concluded that the indictment was sufficient to allege a third degree felony and overruled the contention the indictment was fatally defective.

I would adhere to the foregoing cases and would find the indictment in the instant case fatally defective not alleging either a felony or a misdemeanor.

The majority, by concluding without explanation that the instant indictment charges a misdemeanor, destroys most of the underpinnings of the above described cases. No longer can it be said that such an indictment does not charge either a felony or misdemeanor, nor that the indictment is fatally defective not requiring a motion to quash. The only thing left is that such an indictment does not show on its face that the district court has jurisdiction, but even this wouldn't be true in all cases since some district courts have been given misdemeanor jurisdiction. Today's decision effectively overrules the above described cases, although the majority oddly says the cases are being reaffirmed.

If the majority is determined to retreat from the above described cases with or without acknowledgement, it would be far more logical to hold that an indictment such as in the instant case alleges a felony offense of delivery of marihuana. By virtue of Subsection (a) of Section 4.05 of the Texas Controlled Substances Act, it is made clear that any delivery of marihuana is an offense, and it is clear from earlier cases all deliveries are third degree felonies except for the narrow exception provided in Subsection (f) which stated that the offense is a Class B misdemeanor if the delivery consists of one-fourth ounce or less and it is done *without remuneration*. Thus, an indictment that merely alleges a knowing or intentional delivery of marihuana comes far closer to alleging a felony than a misdemeanor. The majority should take note.

PART II

In addition to adhering to the above described cases which hold that the instant indictment is fundamentally defective and which would call for reversal, I would also reverse for the failure of the evidence to support the plea of guilty to the felony offense of delivery of marihuana as required by Article 1.15, Vernon's Ann.C.C.P. There was a sworn written "judicial confession" entered as a part of the stipulation, but it tracked the indictment and did not show that the delivery involved one-fourth

ounce or more of marihuana or that the delivery was with remuneration. There was no other evidence offered by the State to support the plea and the appellant offered none. The majority considers the indictment question "in the interest of justice." See Article 40.09, Sec. 13, Vernon's Ann.C.C.P. Likewise, I would consider the sufficiency of the evidence question and reverse.

Further, it should be observed that appellant on appeal complains only that he was not properly admonished in accordance with Article 26.13, Vernon's Ann.C.C.P., at the time of his guilty plea on June 19, 1974, in that the court improperly admonished him as to the range of punishment (consequences of his plea). The court obviously treated the offense as a third degree felony and admonished appellant the punishment would be confinement in the Department of Corrections for not less than two nor more than 10 years. Appellant complains that the court failed to inform him that in addition he could under the provisions of V.T. C.A. Penal Code, Sec. 12.34 (Third Degree Felony Punishment) have received a fine not to exceed $5,000. While the State relies upon *Tellez v. State,* 522 S.W.2d 500 (Tex. Cr.App.1975), which overruled *Alvarez v. State,* 511 S.W.2d 521 (Tex.Cr.App.1974), I would also reverse this conviction, however, for the same reasons stated in the dissenting opinion in *Tellez v. State,* supra.

For the reasons set forth, I concur only in the reversal reached by the majority.