**Michael Samuel WHITAKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 55885.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 1, 1978.

Rehearing En Banc Denied Nov. 22, 1978.

H. William Johnson, Houston, for appellant.

None appearing for the State.

OPINION

ONION, Presiding Judge.

Our prior opinion is withdrawn.

The indictment in this case, omitting the formal parts, alleged that appellant on or about May 18, 1976 did "knowingly and intentionally offer to sell a controlled sub-

stance, namely: Marijuana,[1] to R. L. FERGUSON." On September 9, 1976 appellant waived trial by jury and entered a plea of guilty in the 185th Judicial District Court of Harris County. Appellant was convicted, and the court assessed punishment at three (3) years in the Department of Corrections.

An examination of the indictment reveals that it alleges only a misdemeanor. Consequently, we reverse the judgment of conviction and remand the cause to the trial court to be transferred to a court having jurisdiction of the misdemeanor offense.[2] *Suarez v. State*, 532 S.W.2d 602 (Tex.Cr.App.1976).

■ Marihuana is a Schedule I controlled substance. Article 4476–15 (Controlled Substances Act), § 2.03(d)(10), V.A.C.S. Its knowing or intentional delivery is prohibited by § 4.05(d) of Article 4476–15, supra. The term "delivery" includes an offer to sell a controlled substance. § 1.02(8) of Article 4476–15, supra.[3] Since an offer to sell marijuana comes within the meaning of "delivery," a person who knowingly or intentionally offers to sell marihuana commits an offense. However, the inquiry does not end there, as it must next be determined whether a particular offer to sell is a felony or misdemeanor.

■ § 4.05(d) of Article 4476–15, supra, as stated above, makes it an offense to knowingly or intentionally deliver (offer to sell) marihuana.[4] Except as provided in § 4.05(f) of Article 4476–15, supra, a knowing or intentional delivery (offer to sell) of marihuana is a felony of the third degree. § 4.05(e) of Article 4476–15, supra.[5] Under

§ 4.05(f) of Article 4476–15, supra,[6] the knowing or intentional delivery (offer to sell) of marihuana is a Class B misdemeanor if the actor delivers (offers to sell) one-fourth ounce or less without receiving remuneration. Consequently, since the indictment in this case failed to allege the quantity of marihuana which was offered to be sold or whether the offer to sell was for remuneration, it does not allege a felony offense. *Suarez v. State*, supra, at 603, and cases there cited.

The judgment is reversed and the cause is remanded for proceedings consistent with this opinion.

VOLLERS, Judge, dissenting.

The majority concludes that an examination of the indictment in this cause reveals that it only alleges a misdemeanor. I disagree.

As pointed out in the majority opinion the Controlled Substances Act prohibits the knowing or intentional delivery of marihuana (Section 4.05(d)). The term "delivery" includes an offer to sell a controlled substance (Section 1.02(8)). However, the majority wrongfully concludes that under Section 4.05(f) of the Controlled Substances Act the knowing or intentional delivery (offer to sell) of marihuana is a class B misdemeanor if the actor delivers (offers to sell) one-fourth ounce or less without receiving remuneration. Such a conclusion is self-contradictory. It is clear that the legislature intended to reduce the punishment for the act of delivery of marihuana where one

---

1. The statutory spelling of the drug is marih uana. See § 1.02(17) and § 4.02 of Article 4476–15, V.A.C.S. (Controlled Substances Act).

2. Nothing herein precludes re-indictment consistent herewith. *Suarez v. State*, supra, at 602, footnote one.

3. § 1.02(8) of Article 4476–15, supra, provides:
   " 'Deliver' or 'delivery' means the actual or constructive transfer from one person to another of a controlled substance, whether or not there is an agency relationship. For purposes of this Act, it also includes an offer to sell a controlled substance. Proof of an offer to sell must be corroborated by a person

other than the offeree or by evidence other than a statement of the offeree."

4. § 4.05(d) of Article 4476–15, supra, provides:
   "Except as otherwise provided by this Act, a person commits an offense if he knowingly or intentionally delivers marihuana."

5. § 4.05(e) of Article 4476–15, supra, provides:
   "Except as provided in Subsection (f) of this section, an offense under Subsection (d) of this section is a felony of the third degree."

6. § 4.05(f) of Article 4476–15, supra, provides:
   "An offense under Subsection (d) is a Class B misdemeanor if the actor delivers one-fourth ounce or less without receiving remuneration."

person made a *gift* of one-quarter ounce or less of marihuana to another. This exception simply does not fit the transaction described in the instant indictment where there was an offer to *sell* marihuana.

An examination of the Controlled Substances Act reveals that the word "sale" is not defined as it was under the former penal code. Under Article 725b, Section 1(10) V.A.P.C., 1925, sale was defined as including "barter, exchange, or gift, or offer therefor . . ." Therefore, under the former penal code the word "sale" had a technical meaning that includes any exchange or gift. However, the Controlled Substances Act does not define sale and it therefore is used with its normal meaning. It is apparent that the legislature, in enacting the Controlled Substances Act used the comprehensive term of "delivery" to cover all transfers and attempted transfers but used the phrase "offer to sell" with its normal meaning. The normal meaning of the word "sale" is "the transfer of ownership of and title to property from one person to another for a price." Webster's Seventh New Collegiate Dictionary. It has also been defined as "a transfer of the property in a chattel for a consideration . . . a transfer of personal property at a fixed money price payable in cash or in goods." Ballantine's Law Dictionary (3rd Edition, 1969).

From this it should be apparent that an essential element of sale is the money price which is either fixed by agreement or capable of being ascertained therefrom. Black's Law Dictionary (4th Edition, 1968).

From this examination it is readily apparent that the term "delivery" is far more comprehensive than the term sale, and when used with its normal meaning the term sale, or offer to sell, means a transfer for remuneration or offer to transfer for remuneration (and excludes a gift). Since it is clear that the legislature only intended to reduce the penalty for delivery of one-quarter ounce or less of marihuana where it was a gift, it is also clear that they did not intend to make an offer to sell one-quarter ounce or less of marihuana a misdemeanor

where the offer to sell necessarily included an agreement for remuneration.

It appears that the objection which the majority has to this indictment would be cured if the indictment alleged that the defendant did knowingly and intentionally offer to sell a controlled substance, namely marihuana, for remuneration to R. L. Ferguson. An allegation that an offer to sell is for remuneration is redundant and unnecessary. It would appear that *all* sales of marihuana are third degree felonies regardless of the amount of the controlled substance involved. For the purpose of the Controlled Substances Act there is no qualitative difference between an "offer to sell" marihuana and any completed sale of marihuana. In other words, an offer to sell is a delivery; however, the phrase "offer to sell" like "sale" reveals more information about the kind of delivery made than the mere allegation of "delivery."

If the allegation in this indictment was merely that the appellant did "deliver" marihuana, then I would readily agree that the indictment is insufficient to charge a felony because the allegation of delivery would include a transfer of one-quarter ounce or less without remuneration. The same is true if there is an offer to deliver. However, the indictment would be sufficient if it alleged the sale of marihuana without alleging the amount because the term "sale" could not include a gratuitous delivery of one-quarter ounce of marihuana or less. Therefore the allegation in this indictment that there was an "offer to sell" marihuana includes an allegation that there was an offer to transfer for remuneration a controlled substance, and this necessarily negates the exception created by the legislature that it is only a misdemeanor to gratuitously transfer one-quarter ounce or less.

The majority equates an "offer to sell" with a "delivery" for all purposes, and holds that the former phrase therefore fails to allege "whether the offer to sell was for remuneration." The plain meaning of the word "sell" negates any conclusion that an

"offer to sell" is not for remuneration. Any other construction of Section 4.05 of the Controlled Substances Act would require either (1) a redundant allegation in an indictment that a sale of marihuana is "for remuneration" in all cases where the amount is not alleged, or (2) a finding that the intent of the legislature in enacting the statute was to make "offers to sell" one-quarter ounce of marihuana or less misdemeanors. I cannot accept either of such conclusions. The indictment before us is sufficient to allege a felony offense and I would affirm the judgment of the trial court.

I dissent.

DOUGLAS and W. C. DAVIS, JJ., join in this dissent.