Michael Wayne SPURGERS, Appellant,

v.

The STATE of Texas, Appellee.

No. 56010.

Court of Criminal Appeals of Texas, Panel No. 2.

Dec. 20, 1978.

Rehearing En Banc Denied Feb. 28, 1979.

W. T. McNeil, Edna, for appellant.

Wiley L. Cheatham, Dist. Atty., Cuero, for the State.

Before ODOM, PHILLIPS and DALLY, JJ.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for the delivery of marihuana. The punishment is imprisonment for three years.

■ The appellant asserts that the judgment is not supported by sufficient evidence. To support a felony conviction for the delivery of marihuana there must be proof that either remuneration was received or that more than one-fourth ounce was delivered. *Suarez v. State*, 532 S.W.2d 602 (Tex.Cr.App.1976); *Gonzales v. State*, 530 S.W.2d 570 (Tex.Cr.App.1975). Here it was stipulated that only .10 ounce of marihuana was delivered. So we must examine the evidence to determine whether it is sufficient to establish delivery for remuneration as alleged.

The appellant says the evidence fails to prove remuneration because he was an accommodation agent and received no remuneration for the delivery of the marihuana.

Sec. 1.02(8) of the Controlled Substances Act reads:

> " '[D]eliver' or 'delivery' means the actual or constructive transfer from one person to another of a controlled substance, whether or not there is an agency relationship . . ."

Byron Smith testified that on the night in question he was working as an undercover agent for the Department of Public Safety. While at a bar in Edna, he met the appellant, who suggested that they purchase some marihuana. Smith and appellant first drove to the apartment of an individual who appellant said had marihuana for sale, but no one was home. They then drove to appellant's residence, where appellant had a private conversation with Michael Johnson, his co-defendant. After this conversation, appellant told Smith that Johnson had some marihuana and suggested that they go to his house. When the group arrived at the Johnson house, Johnson went inside and returned with a plastic bag containing the marihuana. Smith paid Johnson $5.00, and Johnson handed the bag to appellant. Appellant subsequently handed the bag to Smith.

■ Appellant, in his testimony, denied that he had first suggested a purchase of marihuana and stated that he had merely acted to accommodate Smith at no profit to himself. Whether accommodation agency may be urged as a defense to delivery of marihuana for remuneration is a question that has not been addressed by this Court. See and compare *Posey v. State*, 515 S.W.2d 286 (Tex.Cr.App.1974). If such a defense is available, it would not be a defense as a matter of law, but would only entitle a defendant to a jury charge. See *Kemp v. State*, 502 S.W.2d 726 (Tex.Cr.App.1973). We need not decide the question in this case, since it was for the trial court, as the trier of facts following appellant's waiver

of his right to a jury trial, to weigh the testimony and determine the credibility of the witnesses. Smith's testimony was sufficient to sustain appellant's conviction as a principal to the offense of delivery of marihuana for remuneration. See former Penal Code, Secs. 65 and 66, effective at the time of this offense on November 15, 1973. The evidence shows that the appellant was a principal in that he acted together with Johnson and, knowing his unlawful intent, aided and encouraged Johnson in the actual transfer of marihuana from Johnson to Smith. The evidence is sufficient to support the judgment of the trial court.

▇ The judgment and sentence in this case state only that appellant was convicted of delivery of marihuana. The judgment and sentence are ordered reformed to reflect that appellant was convicted of delivery of marihuana for remuneration as charged in the first count of the indictment. See Art. 44.24, V.A.C.C.P. As reformed, the judgment is affirmed.

PHILLIPS, Judge, dissenting.

The relevant portion of the indictment in the instant cause reads as follows:

". . . knowingly and intentionally deliver[ed] to Byron Smith a usable quantity of marihuana of more than one-fourth ounce, and did then and there receive remuneration for same."

The Controlled Substances Act (Article 4476–15, V.A.C.S.) makes delivery of marihuana a felony offense if either (1) the amount delivered is greater than one fourth of an ounce regardless of whether remuneration is involved or (2) any amount of marihuana is delivered for remuneration. Id., Section 4.05(d), (f).

The majority makes no mention of the allegation in this case, but discussed the matter in an original draft in terms of conjunctive pleadings. That is, if an offense could be committed by several means, all or some of those means could be alleged conjunctively in one count and the conviction would be sustained if the evidence supported any single alleged means of commission. See Sidney v. State, 560 S.W.2d 679;

Garcia v. State, 537 S.W.2d 930; and Jurek v. State, 522 S.W.2d 934. Is this indictment a "conjunctive" pleading? I believe so. See 30 Tex.Jur.2d, Indictment and Information, Section 42, Page 610, and cases there cited. However, although a conjunctive pleading in the sense that it utilizes the word "and," there remains a fatal variance between what is alleged and the proof. The evidence does show appellant's involvement in the delivery of marihuana for remuneration as a principal. However, the second alleged means for committing the felony of marihuana delivery herein refers expressly to the first alleged means when it alleges the remuneration was received for the "same." Thus, there is an express reference to the precisely described substance and amount, i. e., "a usable quantity of marihuana of more than one-fourth ounce, . . . ." This express incorporation by reference binds the State to proving its allegations in every alleged detail. As the majority states, the stipulated evidence shows only .10 of an ounce was delivered. Moore v. State, 531 S.W.2d 140; Butler v. State, 429 S.W.2d 497; Seiffert v. State, 501 S.W.2d 124; Sidney v. State, supra (Onion, P. J., dissenting opinion); Rowland v. State, 523 S.W.2d 676; Weaver v. State, 551 S.W.2d 419.

Since there exists a fatal variance between the allegata et probata, the evidence is insufficient and the conviction should be reversed and reformed to show an acquittal. See Burks v. U. S., 437 U.S. 1, 98 S.W.2d 2141, 57 L.Ed.2d 1 (1978); Greene v. Massey, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

For the foregoing reasons, I respectfully dissent.