Ronald Wayne KANNADY, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–87–171–CR.

Court of Appeals of Texas,
Austin.

June 22, 1988.
Discretionary Review Refused
Oct. 19, 1988.

D. Brooks Cofer, Jr., Bryan, for appellant.

Charles E. Lance, Dist. and Co. Atty., Jan Alan Behr, Asst. Dist. and Co. Atty., Cameron, for appellee.

Before SHANNON, C.J., and GAMMAGE and ABOUSSIE, JJ.

GAMMAGE, Justice.

Ronald Wayne Kannady appeals from a judgment of conviction for the offense of delivery of marihuana. Tex.Rev.Civ.Stat. Ann. art. 4476–15 § 4.05(a) (Supp.1988) (the "Controlled Substances Act"). The jury determined guilt and the court assessed punishment at five years confinement in the Texas Department of Corrections and $5,000 fine. We will affirm the judgment.

Kannady contends in his first point of error that the district court erred in overruling his Motion to Quash the Indictment. The indictment states that Kannady "intentionally and knowingly deliver[ed] ... marihuana of more than ¼ ounce but less than 5 pounds." Under the Controlled Substances Act, the delivery of more than ¼ ounce but less than 4 ounces of marihuana is punishable as a third-degree felony, while the delivery of more than 4 ounces but less than 5 pounds is punishable as a second-degree felony. *Id.* at § 4.05(b)(3) and (4). Kannady contends the indictment fails to sufficiently allege an offense because it encompasses two penalty ranges.

In support of his contention, Kannady cites a series of cases in which the indictments failed to allege the quantity of marihuana delivered.[1] The Court of Criminal Appeals held those indictments fundamentally defective and dismissed the prosecutions because the indictments failed to allege a felony offense, depriving the district court of jurisdiction. *E.g., Finley v. State,* 528 S.W.2d 854 (Tex.Cr.App.1975). Later,

in *Suarez v. State,* 532 S.W.2d 602, 603 (Tex.Cr.App.1976), however, the court held that indictments failing to allege a specific amount of controlled substance effectively allege the minimum, an offense punishable as a Class B misdemeanor.[2] The proper disposition of such a case is to reverse the felony conviction and remand the case for transfer to a court with misdemeanor jurisdiction. *Id.*

Because the indictment before us alleges an amount sufficient to charge a third degree felony, jurisdiction was proper in the district court. The problem with this indictment is not jurisdiction, but notice.

Neither party has cited the landmark decision of *Adams v. State,* 707 S.W.2d 900 (Tex.Cr.App.1986), wherein the Court of Criminal Appeals developed a harm analysis for indictment-notice errors:

"The important question is whether a defendant had notice adequate to prepare his defense. The first step in answering this question is to decide whether the charging instrument failed to convey some requisite item of notice. If sufficient notice is given, this ends our inquiry. If not, the next step is to decide whether, *in the context of the case,* this had an impact on the defendant's ability to prepare a defense, and finally, how great an impact." *Id.* 707 S.W.2d at 903 (emphasis added).

We conclude that an indictment must give notice of the penalty range for the offense charged, and that an indictment alleging two penalty ranges fails to convey such notice. The record reveals, however, that Kannady was informed before trial that he would be tried for delivering 1.85 ounces of marihuana, a third-degree felony. The jury was charged on a third-degree felony and the court assessed punishment for conviction of a third-degree felony.

1. *Manson v. State,* 635 S.W.2d 547 (Tex.Cr.App. 1982); *Few v. State,* 588 S.W.2d 578 (Tex.Cr. App.1979); *Finley v. State,* 528 S.W.2d 854 (Tex. Cr.App.1975); *Saunders v. State,* 528 S.W.2d 843 (Tex.Cr.App.1975); *Wirges v. State,* 521 S.W.2d 251 (Tex.Cr.App.1975). *Mears v. State,* 520 S.W. 2d 380 (Tex.Cr.App.1975); *Ragan v. State,* 649 S.W.2d 662 (Tex.App.1983, no pet.).

2. Section 4.05(b)(1) of the Controlled Substances Act states: "An offense under ... this section is: (1) a Class B misdemeanor if the amount of marihuana delivered is one-fourth ounce or less." The Court of Criminal Appeals has determined that an indictment alleging no amount alleges "one-fourth ounce or less."

The amount of marihuana delivered was not disputed by Kannady. While the method of charging in this indictment was error, we do not find it to be reversible. We conclude, in the context of this case, that the indictment's failure to allege a quantity encompassing a single penalty range had no impact on Kannady's ability to prepare a defense at the guilt/innocence or punishment phases of the trial. Kannady's first point is overruled.

Kannady contends in his second point that the district court erred in overruling his objections to the court's charge. Specifically, Kannady complains the charge was defective because it deviated from the indictment. The charge permitted the jury to convict if they found Kannady knowingly delivered more than ¼ ounce but less than 4 ounces; the indictment alleged more than ¼ ounce but less than 5 pounds.

■ "The trial court's charge generally should correspond to the allegations in the indictment." *Jackson v. State*, 633 S.W.2d 897, 899 (Tex.Cr.App.1982). But the trial court must fully instruct the jury on the law applicable to the case and apply that law to the facts presented, provided all the elements of the crime have been charged. *Id.*

■ The charge in this appeal generally corresponds to the indictment because the quantity range charged is included in the range contained in the indictment. The deviation from the indictment was caused by an application of the law to the facts of this case. All the essential elements of the crime were charged. The trial court's charge contained no error.

■ Moreover, if the trial court's charge is erroneous, Kannady is required to show some harm from such error to obtain a reversal of his conviction. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Cr.App.1984). The quantity of marihuana delivered was essentially undisputed at trial and it fell within the range contained in the indictment and the range contained in the court's charge. We fail to see how the court's charge to the jury, containing the lower quantity range, harmed Kannady.

*See Arline v. State*, 721 S.W.2d 348, 353 (Tex.Cr.App.1986). Kannady's second point is overruled.

■ Kannady contends in his third and fourth points that the district court erred in admitting the in-court identification of him by Officers Owens and Jones because the identification was tainted by a photograph shown to the officers before Kannady's arrest.

Temple Police Officers Donald Owens and Linda Maureen Jones are undercover narcotics investigators. On October 15, 1986, the officers met Nelson Barnes in Milam County, Texas. Barnes offered to take the officers to a man he knew as Ron, to buy narcotics. When Barnes and the officers were unable to find Ron, Barnes took the officers to his cousin, Lucky Moore. Moore offered to sell the officers a small amount of marihuana, but the officers said they wanted a larger quantity. Moore said he could get a larger quantity and a meeting was arranged for later that night.

Officers Owens and Jones, along with Barnes, drove their rented car to the "car pool parking lot" in Gause, Texas, at approximately 9:00 p.m. on October 15, 1986. According to the officers, Moore and a man they later identified as Kannady arrived in another car and parked directly in front of and facing the officers' car. Officer Owens and Barnes got out of their car and got in the back seat of the other car. Moore was in the driver's seat, Kannady in the front passenger seat, Officer Owens in the rear behind the driver's seat, and Barnes in the rear passenger's seat. Officer Jones remained in the front passenger's seat of the rental car.

According to Officer Owens, Barnes introduced him as the person interested in buying marihuana and Kannady handed him two one-ounce bags of marihuana stating the price was one hundred dollars each. Officer Owens took the marihuana and handed Kannady two one-hundred dollar bills. After spending approximately ten to fifteen minutes with Kannady, Officer Owens and Barnes rejoined Officer Jones in the rental car.

Officer Jones testified that even though it was dark, she observed Kannady during the transaction because the dome light in Kannady's car was turned on once when Officer Owens and Barnes entered the car and again when the marihuana changed hands. Additionally, she testified that the lights from cars driving along the highway allowed her to observe the transaction.

Approximately two months later Officers Owens and Jones were shown a snapshot of Kannady by the Milam County Sheriff's Department. According to the officers, Barnes had told them the man that sold them the marihuana was Ron Thomas. Then they believed it might have been a Ron Kennedy. According to Officer Owens, he knew Ron Kannady had sold him the marihuana about a month before he saw the snapshot. He testified the officers had seen photo copies of Kannady's driver's license picture and seeing the clearer photograph only confirmed that Kannady was their man.

At trial both officers unequivocally identified Kannady as the man who sold them the marihuana on October 15, 1986. Kannady objected to this in-court identification on the grounds that it was tainted by the photograph shown to the officers prior to Kannady's arrest.

"Photographic identification does not automatically taint an in-court identification. Convictions based on eyewitness testimony at a trial following a pre-trial identification will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *White v. State*, 496 S.W.2d 642, 647 (Tex.Cr.App.1973) (citations omitted).

"In determining whether a photographic display is impermissibly suggestive, thus tainting the in-court identification, the court should examine the totality of the surrounding circumstances. Each case must be decided on its own facts." *Limuel v. State*, 568 S.W.2d 309, 312 (Tex.Cr.App. 1978). "Whether there exists at the same time a 'substantial likelihood of misidentification' depends on whether there was a distinct observation at the time of the event which, in light of the surrounding circumstances, can be considered credible enough to serve as an independent origin for the in-court identification." *Id.* 568 S.W.2d at 313.

Certainly viewing a single photograph of a defendant is suggestive, but it appears from the facts of this case that Officers Owens and Jones had already identified Kannady from the copy of his driver's license picture and the photograph was simply used to confirm their previous identification. They were trying to place a name with the face. Moreover, even if showing the officers the photograph was impermissibly suggestive, the officers' observations at the time of the transaction are credible enough to serve as an independent origin for the in-court identification and Kannady has not shown a substantial likelihood of misidentification.

Officer Owens testified that he spent ten to fifteen minutes in the same car with Kannady. Kannady handed the officer two bags of marihuana, stated the price, and received two one-hundred dollar bills from the officer. Officer Jones was not in the same car, but she observed Kannady from ten to fifteen feet away and was able to describe his basic features. Both officers testified that their identification of Kannady was based on their observations on October 15, 1986. Kannady's complaint goes to the weight to be given the officers' testimony rather than its admissibility. Kannady's third and fourth points of error are overruled.

The judgment of conviction is affirmed.