Opinion filed May 3, 2007
















 
 
  
 
 







 
 
  
 
 




Opinion filed May 3, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00183-CR 

                                                    __________

 

                                   VERA FAY HAVELKA, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                              On
Appeal from the 39th District Court

 

                                                           Haskell County, Texas

 

                                                       Trial
Court Cause No. 6003



 

 

                                                                   O
P I N I O N

 

The jury convicted Vera Fay Havelka of unlawful
use of a criminal instrument.  Tex. Pen. Code Ann. _
16.01 (Vernon 2003).  The trial court
assessed punishment at two years imprisonment, probated for five years, and a
fine of $2,400.  The judgment of the
trial court is modified to reflect that the conviction is a Class A
misdemeanor.  As modified, the judgment
is affirmed as to the conviction.  The
portion of the judgment assessing punishment is reversed, and the cause is
remanded for a new trial as to punishment only.








In her first two issues on appeal, appellant
argues that the evidence is both legally and factually insufficient to support
the verdict.  Appellant asserts in her
third issue that, if convicted at all, she should have been convicted of no
more than a Class A misdemeanor.  

To determine if the evidence is legally
sufficient, we must review all of the evidence in the light most favorable to
the verdict and determine whether any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia,
443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664 (Tex. Crim. App. 2000).
To determine if the evidence is factually sufficient, the appellate court
reviews all of the evidence in a neutral light. 
Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006)
(overruling in part Zuniga v. State, 144 S.W.3d 477 (Tex. Crim. App.
2004)); Johnson v. State, 23 S.W.3d 1, 10-11 (Tex. Crim. App. 2000); Cain
v. State, 958 S.W.2d 404, 407-08 (Tex. Crim. App. 1997); Clewis v. State,
922 S.W.2d 126, 129 (Tex. Crim. App. 1996). 
Then, the reviewing court determines whether the evidence supporting the
verdict is so weak that the verdict is clearly wrong and manifestly unjust or
whether the verdict is against the great weight and preponderance of the
conflicting evidence.  Watson, 204
S.W.3d at 414-15; Johnson, 23 S.W.3d at 10-11.  The jury, as the finder of fact, is the sole
judge of the weight and credibility of the witnesses=
testimony.  Tex. Code Crim. Proc. Ann. art. 36.13 (Vernon 2007), art.
38.04 (Vernon
1979).

Ammonia is a hazardous chemical compound rich in
nitrogen that is used as fertilizer in farming operations.  Anhydrous ammonia is a form in which it is
used.  AAnhydrous@ simply means that the ammonia is not
mixed with water.  Normally, after it
leaves the vendor=s storage
facility, anhydrous ammonia is stored in tanks in areas close to where it will
be used.  








Anhydrous ammonia is also used in the illegal
manufacture of methamphetamine. 
Sometimes anhydrous ammonia is stolen from field tanks on the
farms.  One method of stealing the
anhydrous ammonia involves the use of empty, smaller propane tanks.[1]  The smaller tanks require modification before
they can be used to steal and transport anhydrous ammonia.  Tape is placed around the threads of a soda
bottle, and the soda bottle is screwed into a hole in the propane tank.  That bottle is then used to function as a
funnel in filling the propane tank from the larger field tank.  When the smaller tank has been filled, the
soda bottle is removed, and a water faucet is screwed into the tank in its
place.

On June 12, 2004, Haskell County Deputy Sheriff
Winston Stephens was at a rural location conducting surveillance in connection
with some thefts of anhydrous ammonia from field tanks.  There had been twelve prior thefts of
anhydrous ammonia from the tanks.  At
about 2:00 a.m., while Deputy Stephens was conducting his surveillance, he
noticed that someone was driving into the area. 
He saw the headlights of the vehicle. 
He drove up to the moving vehicle, a pickup.  He saw several containers in the back of the
pickup.  Deputy Stephens recognized the
containers as being the type used to steal anhydrous ammonia, and he stopped
the vehicle.  Appellant told Deputy
Stephens that one of the containers he had seen was a gas tank and that the
other was a water tank.

Although there was nothing in the area except for
the tanks and an uninhabited house, appellant told Deputy Stephens that they
were on the way to the town of Throckmorton.  The evidence shows that the road led to the
tanks, not to Throckmorton.

Deputy Stephens saw something that was covered up
on the passenger=s side of
the pickup.  Appellant=s passenger denied knowing what it
was.  When the passenger uncovered it,
Deputy Stephens found a propane tank with a hole in it and a soda bottle
screwed into the top of it, like the ones used to steal anhydrous ammonia.

Deputy Stephens arrested appellant and the
passenger.  Other items were located
during an inventory search of the pickup, including an outside water faucet
wrapped in the same tape as the soda bottle on the propane tank, a pipe wrench,
and flashlights.  The faucet had a
bluish-green discoloration, a reaction associated with oxidation that occurs
during the handling of anhydrous ammonia.








Appellant asserts that the evidence is legally
insufficient because Athe
State must produce evidence that affirmatively links the contraband to
[a]ppellant in such a way that a reasonable inference may arise that the
defendant knew of its existence and exercised control over it.@ 
The Alinks@ rule is not an independent test for
legal sufficiency but is merely a shorthand catchphrase for the myriad variety
of circumstantial evidence that may establish knowing Apossession@ or Acontrol,
management, or care@ of
contraband.  Evans v. State, 202
S.W.3d 158, 161-62 n.9 (Tex. Crim. App. 2006). 
A nonexclusive list of factors that may circumstantially establish the
legal sufficiency of the evidence to prove a knowing possession include the
following: (1) the defendant=s
presence when a search is conducted; (2) whether the contraband was in plain
view; (3) the defendant=s
proximity to and the accessibility of the contraband; (4) whether the defendant
was under the influence of narcotics when arrested; (5) whether the defendant
possessed other contraband or narcotics when arrested; (6) whether the
defendant made incriminating statements when arrested; (7) whether the
defendant attempted to flee; (8) whether the defendant made furtive gestures;
(9) whether there was an odor of contraband; (10) whether other contraband or
drug paraphernalia were present; (11) whether the defendant owned or had the
right to possess the place where the contraband was found; (12) whether the
place where the contraband was found was enclosed; (13) whether the defendant
was found with a large amount of cash; and (14) whether the conduct of the
defendant indicated a consciousness of guilt. 
Id.
at 162 n.12.

After reviewing the evidence in the light most
favorable to the jury=s
verdict, we hold that  it is legally
sufficient to support the conviction.  We
also hold that the evidence supporting the verdict is not so weak that the
verdict is clearly wrong and manifestly unjust and that the verdict is not
against the great weight and preponderance of the conflicting evidence.  The evidence is legally and factually
sufficient to support the judgment. 
Appellant=s first
two issues on appeal are overruled.

A grand jury indicted appellant for possession of
a propane tank modified so that it would serve to receive anhydrous ammonia for
use in the manufacturing of methamphetamine.[2]  The grand jury indicted appellant under
Section 16.01 of the Texas Penal Code. 
That section contains the following language:

(a) A person commits an offense if:  

 

(1) he possesses a criminal instrument with intent
to use it in the commission of an offense.

 

.
. . .

 








(c) An offense under Subsection (a)(1) is one
category lower than the offense intended. An offense under Subsection (a)(2) is
a state jail felony.

 

Section 16.01(a)(1), (c).           

At the outset, we note that neither party has
provided, nor have we been able to locate, any case in which this statute was
used in a prosecution in a case of this nature. 
This prosecution involves Section 16.01(a)(1).  Section 16.01(c) informs us that an offense
under 16.01(a)(1) is one category lower than the offense intended.  If the offense had been under 16.01(a)(2),
the statute makes it clear that the offense would have been a state jail
felony.  Rather than determine the
punishment applicable to a conviction for this crime, we must first determine
the grade of the offense.  The offense in
which the criminal instrument would be used in this case is the illegal
manufacture of methamphetamine.[3]

Tex. Health
& Safety Code Ann. '
481.112 (Vernon 2003) addresses the various levels of offenses involving the
manufacture, delivery, or possession with intent to deliver
methamphetamine.  The most serious
offense is one punishable for life or for a term of not more than 99 years or
less than 15 years, and a fine not to exceed $250,000, if the amount of the
controlled substance to which the offense applies is, by aggregate weight,
including adulterants or dilutants, 400 grams or more.  There are other intermediate offenses, all of
which provide for a punishment dependent upon the amount of methamphetamine
manufactured, delivered, or possessed with the intent to deliver.  The least serious offense is a state jail
felony if the amount is less than one gram.








The proof contemplated in Section 481.112
involves, in part, the amount of the 
methamphetamine manufactured, delivered, or possessed with the intent to
deliver.   The offense in this case,
possession of a criminal instrument, is one degree less than the offense for
which the use of the criminal instrument is intended.  The classification of this offense,
therefore, depends upon how much methamphetamine appellant intended to
manufacture.  There is no evidence, nor
can there in reason be any evidence, regarding the amount of methamphetamine to
be manufactured.  Under these
circumstances and under the statute, it would be rare indeed that such proof
would be available.

When the classification of a controlled substance
offense is dependent upon the amount of the controlled substance, the amount
need not be pleaded and proven to sustain a conviction for the lowest
classification.  Stockton v. State,
756 S.W.2d 873 (Tex. App.CAustin
1988, no writ) (citing Suarez v. State, 532 S.W.2d 602 (Tex. Crim App.
1976)).  The lowest classification for
the manufacture of methamphetamine is a state jail felony.  Section 16.01(c) provides that possession of
a criminal instrument should be one degree less than the offense intended.  In the absence of proof of the amount
intended to be manufactured, which would be difficult to prove at best,
manufacture of methamphetamine would be classified as a state jail felony.  One degree less than that would be a Class A
misdemeanor.   Appellant was convicted of
a state jail felony; appellant should have been convicted of a Class A
misdemeanor.  Appellant=s third issue is sustained. 

The judgment of the trial court is modified to
reflect that the conviction is a Class A misdemeanor.  As modified, the judgment is affirmed as to
the conviction.  The portion of the
judgment assessing punishment is reversed, and the cause is remanded for a new
trial as to punishment only.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

May 3, 2007

Publish.  See Tex. R. App. P. 47.2(b).

Panel
consists of: Wright, C.J.,

McCall,
J., and Strange, J.











[1]We note that the tank in the record is referred to both
as a butane tank and a propane tank. 
Appellant was indicted for possession of a propane tank modified to
receive anhydrous ammonia.





[2]The indictment charges that appellant:

 

[W]ith
intent to use it in the commission of an offense, namely, Manufacture of a
Controlled Substance, namely Methamphetamine, intentionally or knowingly
possess a criminal instrument, to-wit:  a
propane tank modified so that it would serve to receive anhydrous ammonia, that
was specially designed, made, or adapted for use in the commission of said
offense.





[3]We note that the indictment in this case did not charge
appellant with possession of the tank with intent to commit an offense under Tex. Health & Safety Code Ann. ' 481.124 (Vernon Supp. 2006) (possession of anhydrous
ammonia with intent to manufacture methamphetamine).  Under Section 481.124, the possession of
anhydrous ammonia in a container that is not designed to hold anhydrous ammonia
is a second-degree felony.  Therefore, if
appellant had been charged with possessing the tank with intent to possess or
transport anhydrous ammonia, the offense in this case would have been a
third-degree felony.